## Laurel County v. Howard.

(Decided October 8, 1920.)

### Appeal from Laurel Circuit Court.

1. Railroads—Conveyances of Right of Way—Easements.—The grant of an unconditional right of way to a railroad for $60.00 in money, and the further consideration of the benefits to be received from the extension of the railroad, convey merely an easement and not the fee simple title to the land, and upon abandonment of this right of way by the railroad the title reverts to the grantor or his successors in title.

2. Deeds—Construction of Deeds—Easements.—In the construction of deeds the purpose is to arrive at the intention of the parties and where, upon a consideration of the entire instrument, it is clear the purpose of grantor was to convey merely an easement in the property the deed will be so construed.

3. Eminent Domain—Judgment Not Bar to Proceeding to Recover Damages.—Judgment in a condemnation proceeding to establish a road over plaintiff's land is not a bar to subsequent proceedings by plaintiff to recover damages for the taking of his property where, though a party to the condemnation proceedings, the record does not show he was ever served with process or had any notice of the proceedings.

4. Highways—Agreement by County to Maintain Bridge.—Plaintiff having conveyed his interest in a certain strip of land for the purpose of establishing a public road in consideration of the county maintaining a bridge on an older road adjacent to plaintiff's premises, the county can not repudiate its contract by refusing to perform its obligations and at the same time claim title to the land under said conveyance.

B. G. REAMS and C. R. LUKER for appellant.

H. C. CLAY for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

For $60.00, and the further consideration of the benefit to be derived by the grantor through the extension of the Knoxville branch of the L. & N. R. R. Co., through Laurel county, J. G. Moore and wife conveyed to the railroad company an unconditional right of way through their property.

After constructing, and for a number of years operating, a line of railroad over said right of way the company abandoned the same. In February, 1912, condemnation proceedings were instituted against all the owners of property along said route for the purpose of establishing a public road. Appellee, who had acquired all the

right, title and interest of the Moores in said land, was made a party, but this record does not show he was ever served with process in said suit, or that he had notice of said proceedings. Judgment was later entered establishing said abandoned right of way as a public road of Laurel county.

It is agreed that if in the deed from the Moores to the railroad company the latter acquired merely an easement over said property, appellee had title to the land formerly occupied by the railroad.

At the solicitation of a representative of appellant, appellee on March 26, 1912, executed a writing waiving all claims against the county growing out of the establishment of the road on the abandoned right of way, with the proviso, however, that "Laurel county will still maintain and keep up Robinson creek bridge, where the county road now runs at my premises." Alleging that Robinson creek bridge had become decayed and unsafe for travel because of the county's failure to maintain it, appellee instituted this suit seeking damages in the sum of $500.00, growing out of the breach of said contract. A demurrer having been sustained to the petition as amended, appellee, without objection, further amended the petition, changed the cause of action and sought damages in the sum of $10,000.00 for the taking of his property and converting same to the use of the county. Issues having been joined, a trial was had resulting in a verdict in appellee's favor in the sum of $500.00.

Of first importance is the question of the character and extent of title acquired by the company in the conveyance from Moore and wife. In the absence of statutory or charter restrictions a corporation may take, hold and convey land for any purpose not inconsistent with those for which it was created. Where an absolute and unqualified fee simple title to property is acquired by a railroad company it may, of course, in the absence of express or implied restrictions, convey it to another. But did the company acquire a fee simple title to the strip of land across the Moore farm? We think not. The grant of a right of way to a railroad company is the grant of an easement merely and the fee remains in the grantor. Jones on Easements, section 211.

Ballard v. L. & N. R. R. Co., 9 Rep. 523, 5 S. W. 484, relied upon by appellant as sustaining its position, involved the construction of a deed to a railway company for a consideration of $2,150.00, and which was held to pass absolute title to the property. The grant was to so

much of the land as was required for the use of the road, consisting of 2 7/100 acres, the habendum clause reading: "To the said grantees and their assigns forever." It was held the words of the grant were not of the mere use, but they granted and conveyed so much of the land as was required for the use of the road, and not the use of so much as was necessary therefor, and it could hardly be supposed this large sum was given for the mere right of way. Further that since the company needed land for other purposes, such as depots, etc., it had the right to acquire it therefor; and the land conveyed was not of uniform width but of irregular shape, thus contradicting the idea that the intention was to grant a mere right of way.

But the facts of the two cases are not similar. The nominal sum of money in the present case was but a small part of the consideration, the chief of which was the benefits to be derived by the extension of the railway. Reading the instrument as an entirety the conclusion is irresistible that grantors intended to convey only an easement and not a fee simple title in and to said land.

In East Alabama R. R. Co. v. Doe, 114 U. S. 340, the railroad acquired from McLemore and others, by separate instruments, the right of way over their land, the habendum clause being "unto the railroad company its successors and assigns in fee simple." The court held the company did not take title in fee simple to this right of way so as to subject the same to a sale under an execution, since the words "in fee simple" did not enlarge what was otherwise the limited character of the grant, that the grant was merely of a right of way.

In Jones v. Van Bochove, 103 Mich. 98, the grant was of a right of way for a railroad, the deed being in the usual form of a full covenant warranty. It was held to convey merely an easement, the purpose of the grantor, in the court's opinion, being to convey nothing more than a right of way over his land.

In Flaten v. Moorhead, et al., 51 Minn. 518, in construing a deed to the city, it was held the city did not acquire the absolute title to the premises, although immediately following the description of the property was this language:

"Said strip of land hereby conveyed to be forever held and conveyed for the use of a public park."

Cincinnati, Indianapolis, St. L. & Chic. Ry. Co. v Geisel, 119 Ind. 77. Here the grantor released and quitclaimed to the railway company a right of way 80 feet

wide for a recited consideration, and it was held the company did not acquire the fee to said property, the court using this language:

"It does not follow that because a railroad company may take an estate in fee, or a right of way of a defined width, it does take such an estate, or such a right of way, for parties may by their contract create a less estate than a fee, or a right less in extent than that which the law authorizes the grantee to acquire."

Robinson v. Missisquoi R. Co., etc., 59 Vt. 126. In this case the grantor quit-claimed and released to the company all his right, title and interest in and to a described tract of land, for the use of a plank road, the habendum being "to the company, its successors and assigns forever." The court says that the language used in the granting part of the deed and the habendum was that commonly used to convey a fee but that the remaining clause "for the use of a plank road" was language such as would naturally be used to limit or qualify the grant and was sufficient to change it from a fee to an easement.

Abercrombie v. Simmons, et al., 71 Kan. 538, 1 L. R. A. (N. S.) 806, 6 Anno. Cases 242. Here the land acquired by the company was described as all the lands in a named township lying within fifty feet of the center line of the main track of the railroad and containing 6 23/100 acres, more or less. In this well reasoned opinion the court cites many authorities on the question in issue and holds that the company acquired merely a right of way and was not vested with an absolute title to the property; that the interest conveyed was limited by the use for which the land was acquired, and when that use is abandoned the property should revert, and this though the deed was in form a general warranty. The foregoing are but few of the many decisions to the same effect.

We cannot agree with the argument that the judgment in the condemnation proceedings to establish the public road operates as a bar to the prosecution of the present action. While it is admitted appellee was named as a defendant in said proceedings it is not shown he was ever summoned or had any notice of said proceedings, and the very paper relied upon by appellant is contradictory of such a conclusion.

According to the testimony introduced by appellee there was a large amount of stone in the bridge abutments, and also a quantity of ballast on the right of way, but the amount of the judgment is not questioned.

Not only was title to the abandoned roadway under the Moore deed in appellee, but under the agreement of March 26, 1912, the county could not take from him the land upon which the road was established, and at the same time refuse to perform its part of the contract under which it acquired his interest in said land. As said in 7 R. C. L. 677, where a corporation receives the money or property of another under an agreement or duty to account therefor it may be compelled to perform such duty although the transaction was *ultra vires*. Walker v. City of Richmond, 173 Ky. 26, 189 S. W. 1122.

We are not satisfied the court was correct in sustaining the demurrer to appellee's first pleading, but since in the second amended petition the cause of action was changed, without objection, and as this was the issue the parties elected to try and appellee was awarded the same amount he asked in his original petition he will be treated as having been fully compensated for all the damages sustained by him.

Finding no error in the judgment appealed from, same is accordingly affirmed.