# Lee County et al. v. Hieronymus et al.

(Decided October 16, 1931.)

BEATTY & BEATTY and GEORGE HOGAN for appellants.

ROSE & STAMPER, J. F. SUTTON, T. B. BLAKEY, G. W. GOUR-LEY, and H. T. BEATTY for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Affirming.

State highway No. 29, between St. Helens and the Breathitt county line, runs through the farm of appellees. The farm contains about 1,000 acres. The right of way in all runs through their land 14,560 feet. For 2,915 feet the right of way is 30 feet wide and the remainder of the way is 70 feet wide. After the state highway commission had located the road on this route, on December 16, 1929, appellees delivered to the Lee fiscal court a deed to the state highway commission for the right

of way, which had been approved by the highway commission, and the fiscal court made an order for the payment to them of $452 for the strip of 30 feet wide and an order for the payment of $6,000 for the strip 70 feet wide. The county attorney objected to the allowances, and took an appeal to the Lee circuit court. In the circuit court the case came on for trial on the merits; the jury returned a verdict in favor of the appellees for $5,831. The court entered judgment upon the verdict; the county appeals.

No objection is made in this court to the other instructions given to the jury. But these grounds of reversal are relied on: (1) The fiscal court had no authority to buy rights of way for roads without the approval and consent of the county attorney, and acted without his consent; (2) the property bought was private surfaced road, and should be paid for by the state and not the county; (3) the appellees' title to the property is defective; (4) the verdict is excessive.

■ As to the approval of the county attorney, Section 4356t-7, Kentucky Statutes, provides:

"The state highway commission is hereby authorized to institute any proceeding in the county court of the county where the land lies to have any right of way, temporary or permanent, condemned and the damages assessed. They may institute such suit or proceeding in the name of the Commonwealth, and the county attorney shall represent it. They shall have the power to agree with any landowner as to the value of the right of way and if the agreement reached is approved by the county attorney the fiscal court shall enter an order directing the payment of the amount agreed upon to the landowner, and a record of said agreement shall be spread upon the record of the county court."

The state highway commission had instituted no proceedings to have the right of way condemned. They had made no agreement with the landowners as to the value of the right of way. The provision as to the county attorney approving an agreement refers to the agreement reached between the state highway commission and the owner, and has no application to an agreement made between the fiscal court and the owner. The powers of the fiscal court under section 1840, Ky. Stats., over the

fiscal affairs of the county, are in no wise limited by the provision above quoted.

■ As to the property being a private surfaced road, the facts are these: About 1890 a railroad company acquired a right of way through the land in question, and constructed a railroad upon it. This railroad later passed into the hands of the Louisville & Nashville Railroad Company. In 1914 that company changed the railroad to another location, and a written contract was made between it and appellees by which the railroad company surrendered to appellees the right of way in consideration of the surrender of all rights they had against the railroad company for damages for the removal of the railroad. Appellees then took possession of the land and built fences across the right of way. The railroad track was covered with ballast, and the culverts were left undisturbed, so that people began to use this track for traveling purposes, opening the gates across it as they passed. This had gone on for some years before this proceeding was had, but the use of the road was only permissive; the gates were maintained across it.

Section 4356t-7, Ky. Stats., provides:

"The state highway commission shall have the right and it is hereby authorized and empowered to make agreements and contracts with the owners of private surfaced roads necessary to be incorporated in this system of state highways, where the owners are individuals or corporations, for the transfer and taking over of all the rights and interests of such private owners, for use and a part of this system of state highways; and they may agree upon the price and cost to be paid for such interest in such roads by the approval of the county judge and county attorney in each county in which such roads are located; and upon receipt of their certificate of such transfers and the total cost for same the state auditor shall draw his warrant upon the treasurer for payment of the amount so certified."

When the statute was passed, there were many privately owned turnpikes in Kentucky, and the above provision was intended to apply to such roads. It has no application to the railroad right of way here in question, which had been surrendered and was not a private sur-

faced road within the meaning of the statute. The statute was intended to apply only to roads which were public ways but privately owned.

■ As to appellees' title, appellees owned the land subject to the railroad right of way. When the railroad company surrendered the right of way to appellees and conveyed it to them, they owned the entire title to the land. The right of way was simply an easement, and, when the easement was surrendered, that was the end of it, and this left the title as it was before the easement was granted. 51 C. J. 617, sec. 285; Laurel County v. Howard, 189 Ky. 221, 224 S. W. 762.

■ Appellants earnestly insist that the verdict is excessive. But back of this is the question, Are. appellants in a position to complain of the amount of the verdict? On January 9, 1929, the state highway commission entered an order for the location of the road on the route in question, over appellees' land. On July 27, 1929, the following proceedings were had in the fiscal court:

"Beattyville, Ky., July 27, 1929.

"To the Lee County Fiscal Court:

"Gentlemen: I propose to convey to you or to the State Highway Commission a right of way along the old L. & E. Ry. right of way thru my land between St. Helens and the Hobbs farm and between the J. E. Miller lands and the Bluford Bowman land for State Highway purposes, seventy feet wide and do all the necessary fencing along same myself for the sum of Six Thousand Dollars ($6,000) and to make deed therefor when requested by you. This proposal if accepted by you shall be conditioned on the State Highway Commission building said state highway along said route. If the road should not be located along said route your acceptance of this proposal shall not be binding on you.

G. D. Hieronymus."

"The vote being taken on the above proposal on the terms and conditions therein stated, stood as follows: M. V. Abston voted 'yes,' G. A. Bailey voted 'yes,' and Cleveland Rogers voted 'yes' and it is ordered that said proposal be and the same is accepted according to the terms therein stated.

J. F. Sutton, Judge."

No appeal was taken from this order, and it was never attacked in any way. Under this order appellees were bound by the contract, and could not demand more than $6,000 for the right of way. Plainly, the contract, being binding on them, was equally binding upon the county, for, the fiscal court having authority to fix and determine the amount of claims against the county, the county was no less bound by this contract than the appellants were. The order of the fiscal court made in December allowing the claim for $6,000 simply carried out the contract, and the judgment of the court below, which was for $5,831, cannot be complained of by appellants, for it is less than the contract price, and the contract has not been assailed for fraud or in any wise. The judgment covers, not only the compensation for the strip which was fixed at $6,000, but for another and a smaller strip for which the court afterwards allowed $450. Appellants therefore cannot complain that the verdict or judgment is for too large an amount.

Appelleees in their brief in this court insist that their motion to dismiss the appeal should have been sustained and the court should have entered judgment in their favor, notwithstanding the verdict of the jury. But no cross-appeal has been prayed or granted, and these matters are not therefore now before the court. Cyphers v. Runyon, 218 Ky. 5, 290 S. W. 671; General Refractories Co. v. James, 222 Ky. 652, 1 S. W. (2d) 1059; Chiles v. Robinson, 224 Ky. 71, 5 S. W. (2d) 269.

The allegations of the paragraph of the answer attempted to plead that the contract here created an indebtedness beyond the revenues of the year, were insufficient, and the demurrer to this paragraph was properly sustained. In order to show that a contract was void under this section of the Constitution (section 157), the facts should be definitely pleaded. This was not done. All other questions are reserved.

Judgment affirmed.