# Brown et al. v. Commonwealth ex rel. State Highway Commission.

(Decided March 8, 1935.)

(As Extended on Denial of Rehearing June 7, 1935.)

632

HOWES & WALKER for appellants.

W. J. WARD for appellee.

Opinion of the Court by Judge Perry—Affirming.

This appeal asks for review of a judgment of the Johnson circuit court rendered in a condemnation suit brought under section 4356t-7, Kentucky Statutes, by the commonwealth, on relation of the State Highway Commission, to acquire a right of way over, certain lands alleged then owned by W. W. and E. W. Brown (brothers and predecessors in title of the appellants) for construction thereover of a portion of the Mayo Trail highway through Johnson county.

Commissioners were appointed by order of the court, directing them, and defining their duty thereunder to be, to fix the value of the described 60-foot strip of land required taken for right of way and resulting damages incident to its taking. They reported to the county court as their finding on September 24, 1925, that E. M. Brown, etc., were damaged as follows:

"$1000.00 per fifty feet if the county wishes to take the land one hundred feet deep or $800.00 and E. M. Brown, etc. keep said land. The total amount of damages awarded E. M. Brown, etc. is the sum of $4400.00."

The land over which the right of way was sought to be acquired was located in the South Bridgeford addition to the town of Paintsville and involved lots 7 to 12, through which the construction of the proposed highway required the making of a cut of some 20 feet. Defendant owners alleged that these lots were at the time worth $1,000 each and that their value would be practically destroyed by the proposed taking of a part of them.

A short time after this filing of the commissioners' report, litigation arose between the defendant Browns and others over the title to the land embracing said right of way, which resulted in the arrest or halting of the condemnation proceedings, until determination could be made of the question of title, which was not finally

had until an appeal of the question was made to this court, which, in March, 1933, affirmed the judgment of the lower court in awarding right of possession and title to the involved right of way to the defendant Browns. Van Hoose v. Fitzpatrick, 248 Ky. 335, 58 S. W. (2d) 587.

A further report of "compromise settlement" was filed by the commissioners, which recited that the parties to the condemnation proceedings had reached a compromise settlement of landowners' claim for the right of way taken and damages, by which they fixed the amount to be paid at $3,500. It appears that no exceptions were ever filed to this report, but that an agreed order was entered by the parties on October 2, 1932, reciting that this compromise report "was treated as a verdict of a properly instructed jury and the right of the parties to except thereto was waived and the law and facts submitted to the court for judgment."

Later, the cause coming on to be heard, the county court, upon the motion of its then newly elected county attorney, dismissed the condemnation suit.

An appeal was taken from this order of dismissal of the suit by the defendant Browns to the circuit court, where the said county attorney again sought by written motion to have dismissed the appealed case, upon the ground alleged that the land sought to be acquired was for a right of way and was worth nothing and that the suit seeking to condemn it had originally been filed by oversight and mistake. This motion to dismiss in the circuit court being overruled, the appellants then moved for a confirmation of the commissioners' report of "compromise settlement," alleging that no exceptions had ever been filed thereto. Upon being refused this, they filed an amended answer, counterclaim, and crosspetition against the county judge and members of the fiscal court, seeking a writ of mandamus against them to compel the payment of the amount of the reported compromise settlement for the right of way, which had been taken and appropriated for highway purposes. The fiscal court, by its said county attorney, resisted the court's granting of a mandamus, compelling the payment of this compromise amount, by an amended pleading, wherein it alleged that the original condemnation suit had been instituted without an order or the au-

thority of the fiscal court therefor; further, that it had been brought either through fraud or mistake, in that, or by reason of the fact, the county at the time condemnation proceedings were instituted then already owned the land sought to be acquired as a right of way for the proposed highway, or at least three-fourths of the strip sought to be acquired, which altogether contained but .38 of an acre; that, such being the facts, it was a fraud upon the county to require it to pay even the compromise amount of $3,500 allowed defendants for this land, which the county already owned and which was relatively worthless. Also it was alleged that no written agreement had ever been made by the Highway Commission with the owners of the land for its purchase, consented to by the county attorney, as required by the provisions of section 4356t-7, nor had such alleged written purchase agreement, if such existed, ever been filed in the records of the county court, as also thereby required. It further resisted the granting of a mandamus, requiring the fiscal court to pay $3,500 and interest for the right of way, upon the ground that the defendants had never tendered a deed conveying title to the land covered by the right of way in question, for which it sought payment.

Issues being joined upon the pleadings and proof taken upon affidavits, the court upon final submission of the cause rendered judgment dismissing appellants' answer, counterclaim, and cross-petition in so far as they sought a writ of mandamus, specific performance, etc., and also overruled their motion to confirm the commissioners' report of compromise settlement in the sum of $3,500, but sustained their motion to transfer the cause to equity, except as to questions involved as to the value and damages for the right of way alleged taken.

The learned trial court further held that the original report, upon which the compromise report of the commissioners was based, and which they sought to have confirmed, was both meaningless and indefinite and wholly at variance with the court's order and its terms defining the duties of the commissioners in the premises, and, further, that at the time of the parties' making of the reported compromise agreement the defendants were not themselves then in a position to convey title because of its not at such time having been judicially determined that they were the owners of title to the land in ques-

tion, and for such reason adjudged that the defendants were without any right to have mandamus or mandatory injunction or specific performance compelling the county to pay even the compromise amount, because the Highway Commission had never been given title to the right of way in the land over which its roadway runs, as no deed of conveyance thereto had ever been tendered it by the defendants. Further the court adjudged that the commissioners having filed their joint affidavits, setting out and describing the value of the land taken and damages, since making their original report, which served to clarify the condemnation of the involved land, the same should be treated as their filing of a supplemental report, to which the exceptions were filed, and by reason of which steps taken it was of the opinion that the proceeding had so developed as to now present a question of value and damage which should be submitted to and tried by a jury to fix the value of the strip of land taken and the damages resulting to the land adjacent, etc.

Appellants complain of this judgment upon the grounds that the court erred in overruling their motion for writs of mandamus, mandatory injunction, and for specific performance, and in overruling their motion to confirm the commissioners' report.

These several questions thus presented for our review and determination are but very obscurely evolved from the record, which is much confused and confusing, due to the loss, it is alleged, of the original pleadings and orders and also to the desultory manner in which the claims, reports, and proceedings were presented and decided, doubtless in a large measure caused by the intervening litigation arising over the issue of title to the land. However, the issues, as we understand them, may be summed up as presenting two questions, which are: (1) The propriety of the trial court's overruling of appellants' motion for the equitable relief asked, etc.; and (2) in overruling their motion to confirm the commissioners' final report awarding appellants $3,500 as compromise settlement of the value and damages for the right of way taken.

Turning our attention to the first of these questions, we are led to conclude that the court did not err in refusing the extraordinary equitable relief, under the circumstances it was here asked, of mandatory injunction

and specific performance. The giving of such character of extraordinary equitable relief rests largely within the reasonable, judicial discretion of the court, its exercise being influenced and largely dependent upon the particular facts of each case. The facts of the instant case, affecting their right to such relief, were here that the appellants had never themselves either performed, or been able to perform, the terms of the compromise settlement by conveying to the appellee Highway Commission good title to the land, for which they sought to compel advance payment by such summary processes, and in also seeking the remedy of specific performance of this reported compromise settlement filed by the commissioners, without first themselves performing the precedent duty of tendering title to the land for which they sought payment. It clearly appears by the record that they were, in so doing, seeking to recover the compromise amount by confirmation of a report of settlement, the terms of which—at the time made—the appellants were themselves not in a position to carry out, in that their claimed ownership of title to the right of way remained then undetermined in the courts. Under such circumstances we are of the opinion that the trial court properly exercised its judicial discretion in refusing appellants the extraordinary equitable relief asked, it appearing that they were, for the reasons stated, then not entitled to such relief.

The proof made by the affidavits is to the effect that the appellants have, subsequent to the entering of the compromise agreement, been adjudged to be the now owners of the right of way in question and that the said land, adjudged owned by them, has been taken and appropriated by the Highway Commission for the construction of its highway thereover. The trial court held that the further proof thus filed is in substance and effect to be treated as an additional commissioners' report, to which exceptions have now been filed, which renders it now fitting and appropriate to have these exceptions heard and determined upon their merits, as upon an issue out of chancery, as to the fair value of the land taken and damages to the adjacent lands remaining, when, after the determination of such issues by the jury, the further equitable questions raised by the pleadings may be duly also determined upon their merits.

Such adjudged procedure, which we are not inclined to regard as here inappropriate, will permit the trial court's consideration and decision of the further question as to how far it becomes the mandatory duty, if at all, of the fiscal court to enter an order directing the payment of the amount agreed upon for the land taken upon an agreement reached, as is alleged to have been done in the instant case, by the then acting county attorney and the owners.

The provision of the statute is that the State Highway Commission shall have power to agree with any landowner as to the value of the right of way, and if the agreement reached is approved by the county attorney, the fiscal court shall enter an order directing the payment of the amount agreed upon to the landowner, and a record of said agreement shall be spread upon the records of the county court. This authority, it appears, is here given the Highway Commission to purchase desired rights of way at the expense of the county or its fiscal court, where the purchases are approved or consented to by the county attorney. It does not appear that such provision or requirement was here strictly followed, so far as the very limited evidence as to this shows.

The alleged written agreement is not filed and it is admitted that it was never spread upon the records of the county court. Furthermore, the testimony rather indicates that if such agreement was actually made, it was simply an agreement by the county attorney and not by the Highway Commission. We conclude, therefore, that the trial court did not err in refusing to enforce the claimed agreement. Adams' Heirs v. McCoy, 212 Ky. 731, 279 S. W. 1103; Holbrook v. Letcher County, 223 Ky. 597, 4 S. W. (2d) 382; Lee County v. Hieronymus, 240 Ky. 490, 42 S. W. (2d) 730; Postlethweighte v. Towery, 258 Ky. 468, 80 S. W. (2d) 541.

The learned trial court's judgment appearing in harmony with our views herein expressed, we are of the opinion that its judgment should be, and it is, affirmed.