## Thomas et al. v. Combs et al.

(Decided May 3, 1935.)

RAY C. LEWIS, I. A. BOWLES and WM. LEWIS for appellants.

CRAFT & STANFILL for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Reversing.

On April 3, 1929, appellants, who were then the only children of Preston Eversole (living at the time of filing suit), instituted this action by filing a petition in equity in the Perry circuit court, naming as defendants the appellees, the one being the widow of D. Y. Combs, deceased, the others being the only children of D. Y. and Mary Combs, and their spouses.

The action seeks to remove a cloud upon an alleged interest of appellants in a tract of land in Perry county, said to contain about 400 acres. On February 5, 1878, 51 years before the filing of the petition, Woolry G. Eversole was the owner of the tract of land now in dispute. On that date he and his wife, Jane Eversole,

conveyed the land to their son Preston Eversole. A properly authenticated copy of the deed is filed with the petition, and recites that the land is conveyed to Preston Eversole, "his heirs and assigns." In the habendum clause we find the following language:

"To have and to hold the land hereby conveyed unto the said Preston Eversole during his time of life, and at his death to be equally divided between his heirs. * * *"

It is claimed by appellants that the deed mentioned conveyed to Preston Eversole nothing greater than a life estate and that his children took a remainder in fee, subject to Preston's life estate; the petition then alleges that on September 17, 1888, Preston and his wife undertook to convey the same tract of land to one Dock Fields, and that the alleged deed was not recorded in the clerk's office until March 16, 1918, nearly 30 years after its execution by Preston and his wife. It may be said at this point that the deed last mentioned above undertakes to convey "all the land that was deeded from W. G. Eversole to Preston Eversole, and the deed from W. G. Eversole is referred to for more particular description and (all the land said Preston Eversole has bought since and included in said boundary)."

Thereafter, on June 19, 1889, Dock Fields and his wife and Josiah H. Combs and his wife undertook by deed to convey the land to William McClintock. The interest of Combs and his wife is not shown in that conveyance. On July 17, 1899, McClintock and wife by their deed conveyed the land to D. Y. Combs; a copy of this deed is also filed as part of the petition. An amended petition recites that D. Y. Combs, the grantee of McClintock, died some time in 1927, leaving surviving him his widow, Mary Combs, and the children named as defendants in the petition.

It is alleged in the petition that the grantees in each of said deeds, beginning with the deed from Preston Eversole to Dock Fields, and ending with the deed to D. Y. Combs, took no greater title than the life estate of Preston Eversole, because that was the only title Preston Eversole took from his father; that, since Preston took only a life estate by the father's deed, subsequent grantees and grantors could neither take nor convey any greater estate than had been conveyed

by Preston, and therefore each and all the deeds from the one by Dock Fields, down to and including the deed to D. Y. Combs, were void in so far as they undertook to convey any greater than a life estate.

It is specifically alleged that the widow of D. Y. Combs, together with her children, were at the time of filing the petition in the actual possession of the property, and that they are claiming, as D. Y. Combs did before his death, to be the owners of the land in fee simple by reason of the conveyances above mentioned, and are further asserting that appellants have no such right, title, or interest in the land, because of the conveyances aforesaid, and that by thus asserting such claims a slanderous cloud is cast upon the title of apellants, and the vendible value is impaired.

Appellants say that the holding of possession and claiming title to their interest by appellees is in law and fact their holding, and that, while they may not now be entitled to possession, they are in such position as to have the court prohibit appellees from further slandering their title.

A general demurrer was filed to the petition, and on March 14, 1930, the court sustained the demurrer. On June 14, 1931, appellants filed an amended petition, in which it was alleged that, upon the execution of the deed from his father and mother, appellant Preston Combs and his children took actual possession of the tract of land and held possession for "a number of years," during which time Preston Eversole claimed only a life estate in the land.

They then allege that on September 17, 1888, Preston Eversole executed a title bond for the sale of the land to Dock Fields, and that no deed was ever executed or delivered to Fields, even for the life estate, it being charged that the purported deed from Preston Eversole to Dock Fields, which was recorded nearly 30 years after its alleged execution, was never signed or acknowledged by Preston or his wife, and that for this reason the deed from Dock Fields and those of his subsequent grantors conveyed no sort of title to the land in question.

A demurrer was filed to the petition as amended, and on December 5, 1931, the court sustained the de-

murrer. Appellants declined to plead further, and their petition was dismissed over objections, and this appeal results.

We have not been tendered a brief on behalf of appellees, and therefore do not know just what position they take on the question. Appellants in their brief say that the court sustained the demurrer to the petition as amended, because the court below was of the opinion that Preston Eversole took a fee-simple title to the land in question, and that therefore his grantee and all others following took a like title.

On a demurrer to a petition, the allegations of the pleading are to be accepted as being true, and the petition in this case alleges that W. G. Eversole and wife conveyed to Preston Eversole a life estate only in the land described in the deed. The deed, a copy of which is made a part of the petition, by its clear language convinces us that the allegation is true.

It is unnecessary to enter into a long discussion as to the construction of the language of the deed presented here, or to draw fine distinctions between the language used in the granting and habendum clauses of this and other contested deeds which might be taken as examples pro and con. The question to be determined here has been settled in Combs v. Fields et al., 211 Ky. 842, 278 S. W. 137. A reference to that case will show that the deed construed therein was a deed from W. G. Eversole and wife to Dock Fields, who was a son-in-law of the grantor. The deed was executed on February 6, 1878, "at a time when the grantors were executing deeds to their several children. * * *" The language of the granting clause and of the habendum clause in the Field's deed and the Preston Eversole deed is identical, even in the use of the words "during his time of life."

The court in Combs v. Fields, supra, clearly and distinctly held that Dock Fields took under the deed from W. G. Eversole and wife no more than a life estate, and it would only consume time and space to recount the reasoning employed in reaching the conclusion therein expressed, as reference may be easily had, and it may be further suggested that this court considered and dealt with the case of Virginia I. C. & C. Co. v. Webb et al. (C. C. A.) 263 F. 821, in which a

federal court had under construction deeds from W. G. Eversole to two of his sons, and reached a conclusion diametrically opposed to the construction of the similarly worded deed in the Combs Case, supra, which opinion this court did not follow in that case.

Being met squarely with the decision in the Combs Case, supra, we cannot decide otherwise than was there decided, that it was the intention of W. G. Eversole and his wife to limit the grant to a life estate in their son Preston Eversole.

It follows that a cause of action was stated, and since under our statute (Ky. Stats. sec. 2341) any interest in real property may be mortgaged, sold, and conveyed, the appellants here had a right to maintain the present suit; hence the demurrer to their petition, as amended, was improperly sustained. The judgment is reversed, with directions to set aside the order sustaining the demurrer and for proceedings consistent with this opinion.

Judgment reversed.