## Kentucky Joint Stock Land Bank of Lexington v. Newman et al.
(Decided Nov. 4, 1936.)

ROBERT H. HAYS for appellant.
M. DON FORMAN and BRADLEY & BRADLEY for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

On February 11, 1890, Wade Hampton and Annie Hampton, his wife, and Clebe Hampton, a tenant of the other grantors, conveyed to the Richmond, Nicholasville, Irvine & Beattyville Railway Company, "the right of way over and the right to use for all railroad purposes" a strip of land 66 feet in width and 3,775 feet long, containing 5.01 acres. A cash consideration of $5,500 was paid to Wade Hampton and wife and $250 to the tenant Clebe Hampton.

The habendum clause reads:

"To have and to hold the said tract or parcel of land unto the said railroad company, its heirs, assigns and successors forever for the purpose aforesaid, and with a covenant of general warranty. The possession of said land for the aforesaid purpose is hereby delivered to said railroad company. * * *"

It is stipulated, as in fact appears of record, that by subsequent conveyance the Louisville & Nashville Railroad Company succeeded to the right, title, and interest of the grantee in this tract of land.

In March, 1923, John Wesley Newman and Janie Slemp Newman, his wife, executed and delivered to the Kentucky Joint Stock Land Bank of Lexington, Ky., hereinafter called the bank, a mortgage on a tract of approximately 251 acres of land in Woodford county to secure payment of a note for $25,000. In a foreclosure suit by the bank against the mortgagors, there was a judgment for the balance due on the note and directing a sale of the mortgaged property to satisfy the judgment. At a decretal sale held on October 24, 1932, the bank became the purchaser of the mortgaged property for the sum of $20,080 and thereafter the master commissioner of Woodford county conveyed the mortgaged property to the bank.

In December, 1932, the bank instituted this action against John Wesley Newman and Janie Slemp Newman, his wife, setting up the foregoing facts and alleging that after applying the purchase price which it paid for the mortgaged property at the decretal sale upon its debt, there remained a balance of $5,197.69 due it thereon, no part of which had been paid. It alleged

that the defendants were nonresidents of the state of Kentucky. It prayed judgment for the balance due and by proper affidavit caused a general order of attachment to issue against defendants which was levied by the sheriff "upon all the right, title, and interest and estate of John Wesley Newman and Janie Slemp Newman in and to all that tract of land bounded and described as follows. * * *" The description given was identical with that of the tract of land conveyed by Wade Hampton et al. to the Richmond, Nicholasville, Irvine & Beattyville Railway Company, by deed of February 11, 1890. In the meantime the bank had conveyed the land acquired at the decretal sale to H. R. Taylor and O. O. Taylor, and they in turn had conveyed it to Claude H. Garth.

H. R. Taylor and O. O. Taylor filed a petition to be made parties defendant and asked that the petition be treated as their answer and a counterclaim against plaintiff and a cross-petition against John Wesley Newman and Wade Hampton alleging in substance that the tract of land upon which attachment was levied was not the property of John Wesley Newman and that the levy of the attachment thereon and the filing of lis pendens notice had created a cloud on the title of the tract of land then owned and in possession of Claude H. Garth as vendee of the petitioners; that on May 16, 1933, the Louisville & Nashville Railroad Company conveyed to them the tract of land in controversy for a valuable consideration by good and sufficient deed duly acknowledged and delivered to them and recorded in the Woodford county court clerk's office, and that thereafter while they were the owners and in possession of the land and other tracts contiguous thereto, they, together with their respective wives, on March 5, 1934, conveyed such tract with contiguous tracts to Claude H. Garth, and that he was the owner and in possession thereof; that they had conveyed the tract in controversy and other tracts under a covenant of general warranty and had been notified by Claude H. Garth to defend the action and the title to the tract in controversy. They set out at length the deed from Wade Hampton et al. to the railway company of date February 11, 1890, and alleged that it was the intention of the grantors therein to convey and the intention of the grantee to purchase a fee-simple title to the land described therein and that the grantors did in fact and in law convey such title, and therefore there

had been no reversion of the land to the grantee or their heirs or assigns or to any other person whatsoever. We quote at length from this pleading, wherein it is said:

"Petitioners say that said tract of land was originally a tract of 130 acres of land conveyed to G. W. Hampton [Sr.] by Mary E. Bright et al., in the year 1886; that the said G. W. Hampton subsequently died intestate leaving surviving him a widow, Annie Hampton and a son, the defendant, Wade Hampton, and that the said Annie Hampton subsequently married the defendant John Wesley Newman and died testate in the year 1911; that in a deed of partition executed between the said Annie Newman and her husband John Wesley Newman, and the defendant, Wade Hampton, bearing date November 29, 1907, and of record in D. B. 18, page 29 in the office of the Clerk of the Woodford County court, a two-thirds interest in the tract of land conveyed to G. W. Hampton Sr., by Mary E. Bright, et al., was conveyed in fee simple to the said Annie M. Newman and a life estate in the other one third interest therein, and by the terms of her will she directed that at her death the said tract of land should be divided between her husband, John Wesley Newman, and her son, the defendant, Wade Hampton, so as to give the said Wade Hampton in the division sixty acres and the remainder of said tract to the defendant her husband John W. Newman; that by virtue of said conveyance and said will also by virtue of a deed of partition made and entered into between the defendants John W. Newman and Wade Hampton in 1912, the defendant John W. Newman became vested with the title to the portion of said 130 acres lying contiguous to the said 5.02 acre tract involved in this proceeding, but the said John W. Newman has not since his acquisition of title as aforesaid, made any claim to any right, title or interest in and to said 5.02 acre tract. * * *,"

These allegations are not controverted by reply or otherwise. They further allege that Wade Hampton, whom they asked be made a party, was the only heir at law of G. Wade Hampton (Wade Hampton, Sr.), and called upon him to assert any claim he had to the tract of land in controversy and asked that they be permitted

to. defend the action as vendors of C. H. (Claude ,H. Garth). Garth also filed a petition to be made a party alleging that he was the owner, holder, and in possession of the strip of land on which plaintiff had levied the attachment for the deficiency judgment against John Wesley Newman and that same was not the property of the defendant John Wesley Newman. He adopted the answer of H. R. and O. O. Taylor, and made same a part of his pleading as if copied in full therein.

Wade Hampton was served with summons which issued on the answer and cross-petition of the Taylors, and the Newmans were brought before the court on both the petition and the answer and cross-petition by constructive service, but none of them filed answer or other pleading.

It was stipulated and agreed between plaintiff and the interveners H. R. Taylor and O. O. Taylor and C. H. Garth that the mortgage from John Wesley Newman and wife to the bank specifically excepted from the property therein described the tract of 5.01 acres described in the deed from Wade Hampton, Sr., et al. to the Richmond, Nicholasville, Irvine & Beattyville Railway Company. It was further stipulated in effect that plaintiff acquired title to the 251 acres and that it passed to Garth as above indicated; that prior to the filing of the plaintiff's petition and to the issuance and levying of the attachment, the Louisville & Nashville Railroad Company had discontinued the use of the tract of 5.01 acres described in the pleadings for the operation of the railroad and had taken therefrom the rails and the greater portion of the ties and such other part of the tracks as were necessary for the operation of trains over the property, and that same was no longer being used by the railroad for transportation or traffic of any character. It further set out that the title to the strip of land in question passed to the Louisville & Nashville Railroad Company as above set out.

The cause was submitted upon the pleadings and stipulations. It was adjudged in substance that by the deed of February 11, 1890, G. W. Hampton et al. conveyed to the railroad company an absolute fee-simple title to the tract of land in controversy and not a mere easement only, and that if this were not true, the strip or parcel of land when abandoned by the Louisville & Nashville Railroad Company reverted to H. R. Taylor

and O. O. Taylor, the owners at the time of such abandonment of the property abutting thereon, which was formerly owned by G. W. (Wade) Hampton, Sr., and Annie Hampton. It was further adjudged that C. H. Garth, the vendee of the Taylors, is the absolute owner in fee simple of the 5.01-acre tract and alone entitled to possession thereof, and same was not subject to attachment in suit of plaintiff; and that levy of the attachment thereon be vacated, annulled, and set aside, and that the Taylors and Garth recover of plaintiff their respective costs. Plaintiff is appealing.

The tract of 5.01 acres by the identical description as given in the original conveyance from G. W. Hampton et al. was specifically excepted from the boundary conveyed by the master commissioner to the bank under the decretal sale and in all subsequent conveyances. It is obvious that it was excepted from the conveyance in the partition deed made by the Newmans and Wade Hampton, Jr., since it was excepted from the mortgage. And as alleged in the answer and cross-petition as appears from the quoted excerpt, J. W. Newman, by the deed of partition from Wade Hampton, only acquired title to the portion of the 130-acre tract out of which the 5.01-acre tract was carved which was contiguous thereto.

The chancellor's holding that the railroad company acquired fee-simple title and not mere right of way or easement in or over the 5.01-acre tract is apparently sustained by the case of Hughes v. Miller, 164 Ky. 449, 175 S. W. 631, and cases therein cited, but when the provisions of the deed to the railroad company are considered in the light of more recent cases, it will be seen that this is, to say the least, a debatable question. See Laurel County v. Howard, 189 Ky. 221, 224 S. W. 762; Barton et al. v. Jarvis, 218 Ky. 239, 291 S. W. 38; Mammoth Cave National Park Association v. State Highway Commission, 261 Ky. 769, 88 S. W. (2d) 931 and cases from foreign jurisdictions cited in the latter opinion. However, as appears from the record, it will not be necessary to determine the extent or nature of the title acquired by the railroad company, since if it did acquire a fee-simple title, it passed by conveyance from the railroad company to H. R. Taylor and O. O. Taylor and from them to Garth; and if the railroad company did not acquire a fee-simple title, then when the land was abandoned by the railroad company, it reverted to the

original grantor or his heirs or assigns. It is not shown that Wade Hampton, Sr., or Wade Hampton, Jr., as his only heir at law, ever by subsequent conveyance conveyed or attempted to convey any reversionary or other interest in the 5.01-acre tract, and it is not shown by the record that John Wesley Newman ever in any way acquired title to it, it being merely shown that he acquired title to land contiguous to it.

It follows that the chancellor correctly adjudged that it was not subject to the attachment as the property of John Wesley Newman, and that the levy of the attachment be annulled and set aside, and the chancellor's finding in that respect will not be disturbed, although it may have been made to rest on different or even erroneous grounds. Anderson v. City of Ludlow, 250 Ky. 204, 62 S. W. (2d) 785; Shrum v. Meredith, 259 Ky. 366, 82 S. W. (2d) 426.

In the state of the record, we are not called upon to determine any right as between other parties to the action.

Judgment affirmed.