## Sherman et al. v. Petroleum Exploration et al.

Oct. 17, 1939.

106

Shumate & Shumate and D. C. Howell for appellants.

Rose & Stamper, E. C. O'Rear; Allen E. Prewitt and William A. Young for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

The case involves conflicting oil and gas leases of a portion of an abandoned railroad right of way. Its decision depends upon the character of title first conveyed by the owner of the body of land of which it was a part. In this suit to quiet their title to the parcel and enjoin the defendants from developing it, the plaintiffs established their title to the lease of the original tract of 190 acres back to a deed of November 7, 1919, of the Duck Fork Land & Coal Company to J. F. Sutton, trustee. That deed contains no exclusion or reference to the conveyance of a strip of 2 2/10 acres which the grantor had made on April 2, 1907, to the Kentucky River Coal & Coke Company. If that previous deed conveyed a fee simple title, it is conceded that the defendants, now appellants, have a superior title to the oil and gas on the parcel. If it conveyed only an easement, which was surrendered by the abandonment of the use of the parcel as a railroad right of way, then the plaintiffs, now appellees, have a superior title.

The deed to be construed acknowledges the receipt of "$1.00 cash in hand paid, and other valuable consideration," and conveys out of the 190-acre tract "unto the party of the second part and its successors and assigns a certain strip, tract or parcel of land for railroad right of way," on Duck Fork of Sturgeon creek in Lee county, described as "100 feet in width, being 50 feet on each side of the center line of the Kentucky River Coal & Coke Company's railroad as surveyed and extending from Sta. 105, plus 35 to Sta. 115, plus 32.6 of said survey and containing 2 2/10 acres, more or less." The habendum is "To have and to hold said strip or parcel of land, together with all the appurtenances thereunto belonging, unto the party of the second part and its successors and assigns forever, with covenant of general warranty of title."

A few days after this deed was made the grantee conveyed the property to the Kentucky Coal & Development Company which built a railroad on it. About two years later that company conveyed its railroad and all property used in connection therewith to the Louisville & Atlantic Railroad Company, which shortly thereafter conveyed it to the Louisville & Nashville Railroad Company. In May, 1935, that company removed the railroad, and in June of that year quit-claimed its rights in the right of way, including this portion of it, to Lee County, which has used it as a highway. In October,

1938, Lee County executed an oil and gas lease of this parcel to the defendants. The circuit court adjudged the leasehold rights of the plaintiffs superior and granted them the relief sought. The defendants appeal.

It seems unnecessary to consider the competency or effect of intervening conveyances, or the actual use of the land as a railroad right of way, or the deposition of the former president of the original grantor that the conveyance of the strip of land was a donation, for which no consideration was paid, and that it was intended to be and was used only as a railroad right of way. We confine our consideration to the deed and its construction independently.

The essence of the appellants' argument in support of their contention that the deed conveyed a fee simple title may be thus stated: The grant is not of a right of way but of a parcel of land "for railroad right of way," which term is only descriptive of the use to be made of the land, therefore superfluous, and does not debase the fee. The habendum relates to the entire property and estate and passes that title in perpetuity under a general warranty. There is no provision for a reverter in case of abandonment or non-use as a railroad right of way. There can be no reversion without a stipulation where, as here, a valuable consideration was given for the property. The law favors a fee and will construe a deed to pass such title in case of ambiguity.

The essence of the appellees' argument in support of their contention that the deed conveyed only an easement may be thus stated: The deed contains an express limitation since it conveys the property for a railroad right of way and nothing else. It is of a narrow strip of uniform width, to be measured 50 feet from the center line of a survey for a railroad as therein described. The entire instrument is to be considered in the light of the attendant circumstances and together they manifest an intention to convey only an easement, which intention must be given effect regardless of any technical rules of construction.

Of course, the fee simple title to land may be acquired for the construction of a railroad upon it, and conveyances therefor stand on the same footing as any other. In the problem of construction of any deed, the test is that of intention, which is to be gathered from the context of the instrument, read in those lights which are

properly employed in construing writings. We think it may be well said that an indefinite or ambiguous conveyance of land specifically for a railroad right of way is in its interpretation subject to the influence of a general knowledge that much railroad right of way is expressly or by operation of law limited to an easement, which has been usually found sufficient for the purposes desired.

Upon the leading case of East Alabama Railroad Company v. Doe, 114 U. S. 340, 5 S. Ct. 869, 29 L. Ed. 136, and other authority, it is said in 22 R. C. L. 860:

"So the estate or interest acquired by a railroad in land purchased by it for a right of way is generally construed to be an easement. Particularly will a railroad be held to have taken an easement merely when the deed of conveyance expressly grants a right of way. The fact that the deed contains a conveyance of warranty or that the right acquired is designated as a fee is not necessarily controlling."

The phrase "for railroad right of way," cannot be rejected as surplusage, for it is presumed that no clause or word in a deed was used without meaning or intent. Jacoby v. Nichols, 62 S. W. 734, 23 Ky. Law Rep. 205; Denney v. Crabtree, 194 Ky. 185, 238 S. W. 398; Kentucky Real Estate Board v. Smith, 272 Ky. 313, 114 S. W. (2d) 107. It may be accepted as a declaration of purpose or use to be made of the land. The several cases in which we held the clause "for school purposes" to be surplusage are distinguishable by the fact that the statute required the conveyance to be in fee.

The land involved here is mountainous country. There had been marked out on the face of the land a line or track which it was proposed to build, and that formed the basis of the description and the description itself. The owner conveyed it for that purpose across the 190 acre tract, and obviously both parties contracted in reference to that purpose. The interpretation of the instrument must be with that position of the parties and the circumstances under which they acted in mind. The description is not like the conveyance construed to be of a fee simple title in Ballard v. L. & N. Railroad Company, 5 S. W. 484, 9 Ky. Law Rep. 523, relied upon by the appellants. That was of a parcel adjacent to a right of way and irregular in shape, not of uniform width, which description, with other circumstances,

negatived the idea of an intention to grant a mere easement. We have here a strip of uniform width across a body of land, conveyed specifically, for the right of way for a railroad which had been surveyed. A similar distinction was drawn in Laurel County v. Howard, 189 Ky. 221, 224 S. W. 762, where it was held that the conveyance of an unconditional right of way through the grantor's property was intended to be only of an easement, and that the entire estate in the strip reverted to the original tract upon its abandonment as a railroad right of way. A number of cases involving conveyances with similar terms, held to be of like character, are considered in that opinion. Subsequent ones may be found in the annotations in 84 A. L. R. 271.

It is true the habendum of the deed in hand is sufficient to embrace a fee with a covenant of general warranty. But if the apparent inconsistency between the habendum and the granting clause be regarded as an actual repugnancy and it can not be reconciled, then resort might be had to the rule of construction that the habendum of a deed must yield to the granting clause. Denney v. Crabtree, supra. However, that recourse is to be had only as a last resort, for the modern and prevalent rule for determining the estate conveyed by a deed with inconsistent clauses has as its cardinal principle the proposition that if the intention of the parties is apparent from an examination of the deed "from its four corners," it will be given effect regardless of technical rules of construction. 16 Am. Jur., Deeds, Sections 237, 240; Cox v. Colossal Cavern Co., 210 Ky. 612, 276 S. W. 540; Hall v Meade, 244 Ky. 718, 51 S. W. (2d) 974; Woods v. Cook, 248 Ky. 216, 58 S. W. (2d) 404; Thomas v. Combs, 259 Ky. 93, 82 S. W. (2d) 188; Kentucky Real Estate Board v. Smith, supra. The editor of the annotations of the subject of "Conflict between granting and habendum clauses as to estate conveyed," in 84 A. L. R. 1054, refers to Kentucky as one of three "strongholds" of this rule of intention, and cites Bodine's Adm'rs v. Arthur, 91 Ky. 53, 14 S. W. 904, 12 Ky. Law Rep. 650, 34 Am. St. Rep. 162, as the leading case propounding the modern doctrine. That method of detecting the intention of the parties in this transaction is our guide.

We think the conflict in the granting clause and the habendum of this deed is more apparent than real. The use of the words "successors and assigns," in the grant-

ing clause of a deed to a corporation, do not amount to an express grant of a fee. 16 Am. Jur., Deeds, Section 240. Not much significance should be attached to the covenant or to the recitation in the habendum that the estate with all its appurtenances was conveyed forever, for there may be and often is a warranty of title to an easement, and the easement, together with all its incidences or appurtenances, may be granted in perpetuity. East Alabama Railroad Company v. Doe, supra; Abercrombie v. Simmons, 71 Kan. 538, 81 P. 208, 1 L. R. A., N. S., 806, 114 Am. St. Rep. 509, 6 Ann. Cas. 239, and other cases summarized in Laurel County v. Howard, supra.

Upon the authorities already cited, the rule of reconciliation is thus stated in 16 Am. Jur., Deeds, Section 245:

"If, in a deed to a railroad, the land conveyed is described as a right of way, the deed may be construed as giving an easement right only, and not the full fee, notwithstanding there are other words in the deed referring to the fee simple, for such a conveyance does but imply a grant of the easement forever."

The decision of Mammoth Cave National Park Association v. State Highway Commission, 261 Ky. 769, 88 S. W. (2d) 931, effects such a rule. The granting clause in the deed was of a right of way for a railroad as therein described, while the habendum specifically provided that the conveyance was "forever, in fee simple," conditioned upon the contemplated railroad being located on the strip. We held the deed conveyed only an easement, which was extinguished by abandonment when the railroad track was removed. The decision follows Laurel County v. Howard, supra; Barton v. Jarvis, 218 Ky. 239, 291 S. W. 38, and other authorities herein cited, and distinguishes the cases along this line relied upon by the appellants herein. Cf. Kentucky Joint Stock Land Bank v. Newman, 266 Ky. 13, 98 S. W. (2d) 33, involving title to a portion of the right of way of the old L. & A. Railroad also.

Since the appellants' predecessors in title had only an easement, which reverted to the original grantor and its successors when they ceased to use it for the stipulated purpose, even without an express provision (Hughes v. Miller, 164 Ky. 449, 175 S. W. 631), the

judgment is correct, unless another defense interposed and argued is sustainable.

Though the L. & N. Railroad Company may have been in possession of the land when the first and origi nal oil and gas lease, now owned by the appellees, was executed, such possession was not adverse to the owner of the fee and there was nothing champertous about the transaction. Where a railroad company has only an easement for its right of way, the owner of the tract of land through which it runs has the exclusive right to the oil and gas underneath, and when the easement has been abandoned that owner or his successors have the right to drill wells thereon. Willis's Thornton, Oil & Gas, Section 150.

The judgment is affirmed.