Howard GABBARD et al., Appellants,

v.

Johnnie SHORT et al., Appellees.

A. H. CARPENTER et al., Appellants,

v.

Howard GABBARD et al., Appellees.

Court of Appeals of Kentucky.

Nov. 22, 1961.

Henry L. Spencer, Jackson, for Howard Gabbard and others.

Shumate & Shumate, Irvine, Rose & Short, Beattyville, Moss Noble, O. J. Cockrell, Jackson, for Johnnie and Jennie Short, A. H. Carpenter and C. E. Bush.

C. S. Landrum, Lexington, J. M. Terry, James F. Wheeler, Louisville, for Louisville & N. R. Co.

MONTGOMERY, Judge.

Howard Gabbard et al. sued to have their title quieted to 50 acres of land. They appeal from the part of the judgment holding that the Louisville & Nashville Railroad Company is the owner in fee simple of two parcels of the land containing 8.62 acres and 1.68 acres. A. H. Carpenter et al. appeal from the part of the judgment holding that the Gabbards own the fee simple title to the remainder of the 50 acres.

The Gabbards and A. H. Carpenter et al. contend that the L&N conveyances were for an easement instead of a fee. A. H. Carpenter et al. contend that the Gabbards were estopped to deny their title to the 50 acres.

Two conveyances were made by Letch and Sarah Gabbard to L&N dated June 7, 1927, and January 10, 1928, for the parcels of 8.62 acres and 1.68 acres for $3,500 and

$200, respectively. These two parcels were part of the 50-acre tract in question which adjoined two other tracts containing 50 acres and 40–50 acres, respectively. Subject to the L&N conveyances, these three tracts were owned by Letch and Sarah at their deaths.

On or about August 23, 1946, the Gabbard heirs executed a deed to Johnnie and Jennie Short. The Shorts contend that it was intended for this conveyance to embrace the three tracts of land and purportedly all the lands inherited by the Gabbards. The consideration was $1,600. Three tracts were described in the Short deed, but one tract was included twice. The description of the 50-acre tract out of which the L&N conveyances were made was omitted from the Short deed by mistake of the attorney who prepared it. The Short deed contained no reference to the L&N conveyances.

Appellants A. H. Carpenter and C. E. Bush have oil and gas leases from the Shorts and L&N. Two producing oil wells have been drilled on the part of the land claimed by L&N. This action was filed afterward.

In construing the deeds to L&N, the four corners of the deed should be looked to in order to ascertain the grantors' intention and purpose, and all legitimate provisions contained therein will be given effect. Childers v. Welch, 304 Ky. 700, 202 S.W.2d 169; Williams v. Williams, Ky., 259 S.W.2d 53. Generally, a deed must be construed more strongly against the grantor and more favorably to the grantee. Chaney v. Chaney, 300 Ky. 382, 189 S.W.2d 268; Buchanan v. Watson, Ky., 290 S.W.2d 40. Doubts and ambiguities are resolved in favor of passing a complete title. Kentland Coal & Coke Company v. Blankenship, Ky., 300 S.W.2d 570.

The deeds to L&N are similar in form. Except for certain added provisions, the deeds are in the form of a deed of general warranty by which a fee simple title is conveyed. The descriptions of the land are by metes and bounds. The habendum clause contains covenants of general warranty, freedom from encumbrances, quiet possession and enjoyment, and warranty of defense of title. These factors and the amount of consideration paid indicate the conveyance of a fee simple title. The added provisions in the deeds covering removal of timber and buildings additional land for slope protection of cuts, fills, and slides, the use of stone from the grantors' land, ingress and egress, and compensation for future damages, to remaining land are not inconsistent with a fee simple title. Under the rules of construction, the Chancellor's holding that a fee simple title was conveyed is correct. In view of this holding, there is no merit in appellants' plea of abandonment.

Appellants rely on Sherman v. Petroleum Exploration, 280 Ky. 105, 132 S.W.2d 768, 132 A.L.R. 137. It is distinguishable because the deed therein limited the use of the property to that of railroad right of way. The property description in that deed indicated such a limited use.

Appellants Johnnie and Jennie Short, grantees in the deed from the Gabbard heirs, contend that it was the intention of the parties to the deed to convey all the remaining lands owned by Letch and Sarah at their deaths, including the 50-acre tract in question. This tract would have been reduced by the acreage conveyed to L&N. The deed was prepared by the Shorts' attorney.

To sustain their contention, the Shorts introduced evidence to the effect that they had entered upon the lands, resided thereon, and had cultivated them. They claimed the entire boundary and sought to show the exercise of ownership by leasing the lands for oil and gas to Carpenter and Bush, by cutting some timber, and by paying taxes.

The Gabbards contradicted the Shorts' claim that they pointed out the boundaries of the land so as to include the three tracts. The Gabbards said they sold only the "homeplace" consisting of two tracts, and denied

that they had any part in the preparation of the deed or any notice or knowledge of the Shorts' acts of ownership since they (Gabbards) were nonresidents. The deed purported to convey 91 acres, as opposed to the Shorts' claim for three tracts which would have totaled 140 or 150 acres.

The Shorts conceded that at the time they asserted their claim of ownership the statute of limitations would have barred any right to sue for reformation of the deed and that they had not claimed adversely long enough to establish title. The Shorts claim that the Gabbards' conduct in standing by without exercising any acts of dominion over the lands and in failing to pay any taxes constitutes an equitable estoppel.

The Chancellor denied the plea of equitable estoppel and held that the Gabbards were the owners of the fee simple title to the 50-acre tract in controversy, excluding the parcels conveyed to L&N. There is substantial evidence to support such holding. CR 52.

Judgment affirmed.