CASE 100—ACTION BY G. CLARENCE PETTIT, &c. AGAINST JOANNA NOR-
MAN, A LUNATIC, AND HER COMMITTEE, FOR THE SALE OF REAL
ESTATE JOINTLY OWNED BY HER AND THE PLAINTIFFS.—NOV. 1,
1904.


# Pettit, &c. v. Norman, &c.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHY. DIV. NO. 1,—SHACKEL-
FORD MILLER, JUDGE.

JUDGMENT FOR DEFENDANTS. PLAINTIFFS APPEAL. AFFIRMED.

DEED—TRUST—WIFE AND "HER CHILDREN"—CONSTRUCTION.

1. A deed of property in trust for the wife of the grantor for life,
with remainder to her children, inures to the benefit of children
of the grantee by a subsequent marriage to another person
after divorce from the grantor.

O'NEAL & O'NEAL AND ISAAC T. WOODSON, ATTORNEYS FOR AP-
PELLANTS.

### LEGAL PROPOSITION AND AUTHORITIES.

A conveyance by the husband to his wife, for life, with re-
mainder to her children, at her death, should not be construed
to embrace a child born to the wife, during a second marriage;
a child of a second husband. "The conveyance must be read in
the light of surrounding circumstances." "Her children" means
"their children." Davis v. Hardin, etc., 80 Ky., 672; Thurman
v. White, 18 B. Mon., 576; Smith v. Upton, 12 Law Reporter,
27; Bullock v. Caldwell, 81 Ky., 566; Blankenbaker v. Snyder,
etc., 18 Ky. Law Rep., 437; Tucker v. Tucker, 78 Ky., 503; Webb
v. Harris and Holmes, 3d Ben. Monroe, 404; Matter of Hallett,
Trustee, 8th Paige, N. Y., 375; Lawrence v. Hubbard, 1 Bradf.
N. Y., 255; Kurtz Estate, 145 Pa. State, 638; Bolton v. Bolton,
73d Maine, 309; Dorin v. Dorin, L. R., 7 H. L., 568; See v. Deer,
57 Mich., 369; Tharp v. Yarbrough, 79 Ga., 382; Continental
Life Insurance Company v. Webb, 54th Ala., 703; Barth v.
Barth, 23 Ky. Law Rep., 1246; Adams v. Adams, 20 Ky. Law
Rep., 665; Kent and wife v. Barker, 2nd Gray Mass., 536; Col-
lins v. Hoxie, 9 Paige N. Y., 81; 1st Bradf. N. L., 252; 1st Edw.
N. Y., 41; 8th Paige N. Y., 275; 23rd Wenzel N. Y., 513; Frazer

v. Frazer,. 24 Ky. Law Rep., 2517; Koenig, etc. v. Kroft, 9 Ky. Law Rep., 946; Mayes v. Kahn, 24 Ky. Law Rep., 2112; 1st Jarman on Wills, 598, citing; 10th Modern, 371, 8th Vin. Abr., 309.

PERCY N. BOOTH, ATTORNEY FOR APPELLEES.

POINTS AND AUTHORITIES.

1. A conveyance "in trust for Mildred J. Pettit, *and her children* forever after her" (the acknowledgement to the deed showing that Mildred J. Pettit is the grantor's wife, and Mildred J. Pettit joining in the deed to release her right of dower) includes *all* of Mildred J. Pettit's children, both by the grantor and by a second husband. Evans v. King, 3 Jones Eq. (N. C.), 387; Atherton v. Roche, 192 Ill., 252; Gotra v. Sanasack, 53 Ill., 456; Allen v. Van Meter, 1 Met., 279; Hollingsworth v. Hollingsworth, 65 Ala., 321; Spurrier v. Parker, 16 B. Mon., 284; L. & N. R. R. v. L. S. R. R., 100 Ky., 694.

2. The court will declare the meaning of the words used. Its object is to ascertain, not the intention simply, but his expressed intention. It will not conjecturally interpret the meaning of what was intended to have been written, or what would have been written had a particular event occurred to the writer. Roper on Legacies; Wigram, Ext. Ev. Pl., 126, &c.; Allen v. Van Meter, 1 Met., 276; Shore v. Wilson, 9 Cl. & F., 555 per Baron Parke; A. & E. Enc. Law, 2 ed., 17, 2-4; Hawkins' Construction of Wills, pp. 1-4, prop. 1; Thayer, Cases on Evidence, 928, note; Long v. Duvall, 6 B. M., 220.

(a) In construing wills the scope of inquiry to determine the meaning of the words used is. much broader than in deeds. Grant v. Grant, L. R., 5 C. P., pp. 728-729, per Lord Blackburn; Blackburn on Sales, p. 50, note.

3. If the words in their usual and primary sense are sensible with reference to extrinsic circumstances, they shall be interpreted in that sense and no other, regardless of the actual intention manifest from extrinsic circumstances. Wigram, Treatise on Extrinsic Evidence in aid of the Interpretation of Wills; Spurrier v. Parker, 16 B. M., 284; Churchill v. Reamer, 8 Bush, 260; Allen v. Van Meter, 1 Met., 279; L. & N. R. R. v. L. S. R. R., 100 Ky., 694; Breckenridge v. Duncan, 2. A. K. Marsh, 506; Long v. Duvall, 6 B. M., 220; Timberlake v. Parish, 5 Dana, 352.

(a) In other words, where the plain meaning of a provision uncontradicted by any other provision of the same instrument applies expressly or with reasonable certainty to a particular

case or object, that meaning will not be disregarded unless its application be so monstrous and absurd that no one could so intend. Cromie's Heirs v. Louisville Orphans' Home Society, 3 Bush, 379. per J. Robertson; Sturges v. Crowninshield, 4 Wheat, 202, per C. J. Marshall.

4. The words of a document will, in case of doubt, should be construed most strongly against the party using them. A. & E. Enc. Law., 2d ed., 17, 14 and cases cited.

OPINION OF THE COURT BY JUDGE SETTLE—AFFIRMING.

By this action against their half-sister, Joanna Norman, a lunatic, and the Louisville Trust Company, her committee, the appellants, G. Clarence Pettit and Ben W. Pettit, sought to obtain a decree for the sale of two lots in the city of Louisville, and a division of the proceeds according to the rights of the parties; it being averred in the petition that the lots were indivisible, that one of them was jointly owned by and in the possession of appellants,and that the other was jointly owned by and in the possession of appellants and the appellee Joanna Norman. One of these lots was by deed of December 18, 1848, conveyed by W. J. Lampton to Napoleon L. Pettit, in trust for the latter's wife (who was the grantor's daughter), and her children, forever; the recited consideration being $1 and love and affection. The other lot was by deed of date November 7, 1849, conveyed by Napoleon L. Pettit to W. J. Lampton, in trust for the wife of the grantor for life, with remainder to "her children." The consideration expressed in this deed was $1. Napoleon Pettit died several years after the deeds were made. By his wife, named in each of the foregoing deeds as Mildred J. Pettit, Napoleon Pettit had four children, viz., G. Clarence Pettit, Ben W. Pettit, Willis, who died in infancy, after the execution of the deeds, and before the death of his father, and Mattie, who died after she became an adult, and after the death of her father. After the execu-

tion of the deeds Mildred J. Pettit was divorced from Na-
poleon L. Pettit, and afterwards intermarried with one Nor-
man, from whom she was likewise divorced. The appellee
Joanna Norman was the fruit of her marriage with Norman.
After the death of Napoleon L. Pettit and children Willis
and Mattie Pettit, Mildred J. also died. In the decree of
sale which was rendered by the chancellor it was adjudged
that the appellants, G. Clarence Pettit and Ben W. Pettit,
each owned in fee simple 16-45, and the appellee Joanna
Norman 13-45, undivided interest in the lot conveyed by
the deed of trust from Napoleon L. Pettit to W. J. Lamp-
ton, and that appellants each owned 31-90, and appellee
28-90, undivided interest in the lot conveyed by the deed of
trust from W. J. Lampton to Napoleon L. Pettit, and the
proceeds of the sale of the lots were ordered to be divided
among the parties in interest upon the foregoing basis. In
view of the fact that there is now no denial of the right of
appellee to the interest of 28-90 in the lot conveyed by W. J.
Lampton to Napoleon L. Pettit, it is deemed unnecessary to
consume time in showing how that interest was arrived at
by the chancellor. It should, however, be said that by the
judgment of the chancellor the deed from W. J. Lampton to
Napoleon L. Pettit was held to embrace the after-born chil-
dren of Mildred J., and, therefore, to include the appellee
Joanna Norman as a beneficiary. This part of the judg-
ment was excepted to by the appellants, but it is not now
contended by their counsel that the chancellor erred in thus
construing that deed.

It is, however, strenuously contended by counsel for
appellants that the construction given by the chancellor
to the deed of trust of November 7, 1849, from Napoleon L.
Pettit to W. J. Lampton, was erroneous, in that it was held
to extend to the after-born children of the grantor's then

wife, including the appellee Joanna Norman. In other
words, it is insisted for appellants that as to the lot deeded
by Napoleon L. Pettit the title passed as follows: First,
to his wife. Mildred J., for life, with remainder at her death
to her children by the grantor; that this remainder was a
vested remainder in their child Willis, then living, subject
to open for the benefit of after-born children of Mildred by
the grantor; that upon the death of Willis in infancy his·
share under the statute descended to his father, who was
then living, but upon the death of Mattie, which occurred
after the death of her father, and after she arrived at 21
years of age, her share descended to her mother, who sur-
vived her; that upon the death of the father the share in-
herited by him from Willis descended to his own children,
including Mattie, and upon her death the interest in Willis'
share she inherited from her father, together with the share
of one-fourth in remainder given her by the deed, passed to
her mother, and upon the death of the latter this share,
including that part of Willis' share inherited by Mattie
from her father, descended to appellants and appellee in
equal parts, which gave to appellee a one-ninth interest in
the lot in question, and this one-ninth is conceded to her in
the petition, as amended—that is to say, that Mattie's
share, one-fourth in this lot, plus one-third of Willis' fourth
which descended to her from her father, making one-third
interest in the lot, descended at her death to her mother,
and at her mother's death to appellants and appellee equal-
ly. The chancellor, however, held in the judgment rendered
that appellee took one-fifth under the deed of trust from
Napoleon L. Pettit to W. J. Lampton, as one of the "chil-
dren" of Mildred J.; that she also took one-third of one-
fifth as her part of Mattie's original share and one-third of
Willis' share which descended to Mattie from her father

and was derived by the latter from the death of Willis in infancy; thereby making her interest in the lot 13-45, as before stated. The deed from Napoleon L. Pettit conveys to W. J. Lampton the lot therein described in trust "for the separate use and benefit of Mildred J. Pettit during her life, and for the fair and equal use of her children forever after her."

The question presented for our consideration is: Should the words "her children" be construed to mean all of the children of which Mildred J. Pettit, alias Norman, was the mother, whether by her first or second husband, and thereby include the appellee Joanna Norman as an equal beneficiary? In construing a will, deed, or other written instrument, the court must keep in view the cardinal rule that the meaning of the words used should be declared, and, if the words employed are such as to convey a single meaning, extrinsic facts, from which a different meaning might be inferred, can not be considered. In discussing the admissibility of extrinsic evidence in construing wills, this court, in Allen v. Vanmeter's Devisees, 58 Ky., 276, said: "But this extrinsic evidence must always be such as, in its nature and effect, simply explains what the testator has written, and not what he intended to have written. In other words, the question in expounding a will is not what the testator actually intended, as contradistinguished from what his words express, but what is the meaning of the words he has used." In Louisville & N. R. Co. v. Louisville Southern Ry. Co., 100 Ky., 695, 19 R., 11, 39 S. W., 43, it is said: "The rule applying to the construction of contracts is that, when there is no ambiguity in the words employed, the courts can not put upon them any interpretation contrary to that which the words signify, and this rule applies equally to the construction of statutes and

every kind of written instrument." Connelly v. Magowan, 3 T. B. Mon., 153. In Spurrier's Heirs v. Parker, 16 B. Mon., 274, the question was whether extrinsic evidence should be allowed to show the meaning of certain words in a deed providing for the emancipation of a slave, in discussing which the court said: "But would such extraneous proof be competent to illustrate a deed sufficiently plain of itself? Surrounding circumstances may be brought in aid of the construction of an instrument where its terms are of doubtful solution, but certainly where the language of an instrument is susceptible of clear solution, no resort can or should be had to extraneous testimony to illustrate it." Cromie's Heir's v. Louisville Orphans' Home Society, 3 Bush, 379. It will be observed that in the deed under consideration the grantor nowhere mentions or refers to Mildred J. Pettit as his wife. While it is not customary for a father to voluntarily permit one who is a stranger to his blood to share with his children in his bounty, he may do so if he choose, and the fact that it is unusual will not per se authorize a court to disregard the plain meaning of the words in the deed conferring such bounty. It is not made to appear that the grantor did not understand the legal meaning and effect of the words "her children" as used in the deed. The words themselves are free from ambiguity, and there are no other words in the instrument that conflict with them, or throw any doubt upon their meaning; nor is it intimated that at the time of making the deed the grantor was deceived or misled, or that he was subject to any undue or improper influence. It must be presumed, therefore, that the instrument in all its parts expresses the intention of the grantor. It follows, therefore, that the chancellor's construction of the deed from Napoleon L. Pettit to W. J. Lampton was authorized by its language. It would unneces-

sarily lengthen this opinion to enter upon the discussion of
the several authorities cited by learned counsel for appel-
lants in support of their contention.   We think, however,
that a critical examination of them will demonstrate that
they do not militate against the views herein expressed.
They can readily be distinguished from the case at bar.
Each of them involved the construction of a will or deed
because of ambiguities or indefiniteness of language that
rendered it impossible to arrive at the intention of the tes-
tator without the aid of extraneous circumstances.   Take,
for example, appellants' leading authority, , the case of Davis
v. Hardin, 80 Ky., 674.   It appears that the deed in con-
troversy conveyed to one Thompson certain land in trust
for "Mary E. Jones and Wm. P. Jones, and any other child
or children of her begotten by D. W. Jones."   The deed
provided for the enjoyment of the land by the grantor and
his wife, unless the trustee should take possession of it,
and in that event he was to pay the entire rent and profits
to the wife.   On this state of case it was held by the court
that the wife took a life estate, with remainder to the child
of herself and grantor then living, and such as were there-
after born.   The only point of difficulty under the uncer-
tain language of the deed was as to the character of estate
the wife took.   With that fact determined, there was no
difficulty as to the interest of the children.   The deed was
certain and definite to the effect that its provisions includ-
ed not only the one child of the grantor and wife then liv-
ing, but also any other child or children of the wife there-
after begotten by the grantor.   The restricted rule of con-
struction as to the word "children" referred to by coun-
sel for appellants as applying to insurance cases is not in
point here.   Obviously, the word "children" in an insur-
ance contract would be held to mean children of the insured,

for in law the children of others have no insurable inter-
est in his life.

Judgment affirmed.

.Petition for rehearing by appellant overruled.