## Wilson, et al. v. Marsee, et al.

(Decided October 28, 1915.)

### Appeal from Bell Circuit Court.

1. Deeds—Construction.—Where the language employed in a deed is uncertain in its meaning, it is proper to consider the nature of the instrument, the situation of the parties executing it and the objects which they had in view.

2. Deeds—Construction by the Parties.—Where the language of a deed is uncertain in its meaning, the subsequent acts of the parties, showing the construction they have put upon the instrument, may be looked to and are entitled to great weight in determining what the parties intended.

3. Deeds—Timber Reservation—Construction.—A deed conveying a tract of land contained the following reservation in favor of the grantors: "To have and to hold the same forever with the condition that Thomas Marsee and Amanda Marsee have free concourse to timber." The grantors subsequently went upon the land for a number of years and appropriated and used such timber as they desired, with the knowledge and consent of the grantee. Held, in view of the nature of the instrument, the circumstances of the parties and of their subsequent conduct, that the grantors intended to and did reserve certain interest in the timber, with the right to go upon the land for the purpose of removing it; and as the quantity of timber reserved was not limited, the grantee cannot complain of a judgment dividing the timber equally between him and the grantors.

D. K. RAWLINGS for appellants.

PATTERSON & INGRAM for appellees.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

In the year 1880, William J. Marsee was the owner of a tract of land in Bell County, which he contracted by title bond to convey to Jerry Turner. Turner assigned the bond to W. C. Wilson. Before making a deed to the land, William J. Marsee died, leaving three children, Amanda Marsee, Thomas Marsee and John F. Marsee. After William J. Marsee's death, his property was divided, and that part of the property in controversy in this action fell to his two children, Thomas and Amanda, who, for the purpose of carrying out their father's contract, executed and delivered to Madaline Turner and the heirs of Jeremiah Turner, a deed to the property. The habendum clause of the deed is as follows:

"To have and to hold the same forever with the condition that Thomas Marsee and Amanda Marsee have free concourse to timber."

The evidence shows that the title bond contained substantially the same provision. In 1882, William C. Wilson bought the land by title bond and has been in possession of the land ever since. From the time of the conveyance up to within three or four years of the filing of this suit, Thomas Marsee has exercised the right of going on the land and hauling timber therefrom. During that time he has frequently cut timber and made it into boards, staves and slats, and on a number of occasions he would employ Wilson to assist him in this work and pay him therefor. In the year 1911, W. C. Wilson brought this action against Thomas Marsee to quiet his title to the land in question. Later, other plaintiffs joined with him in the action and Amanda Marsee was also made a defendant. The defendants pleaded title to the timber under and by virtue of the deed above referred to. On final hearing the chancellor held that the defendants acquired by the deed an undivided one-half of all the timber of every kind and character standing and growing upon the tract when the deed was executed, and that they are now owners of an undivided one-half of all the timber still remaining on the land. He further adjudged that the plaintiffs were the owners of the other undivided one-half. Plaintiffs appeal.

The case turns on the meaning of the words "free concourse to timber." Plaintiffs contend that these

words are meaningless and confer no rights on the defendants. It may be conceded that the word "concourse" is inaptly used, but the courts will not defeat the intention of the parties to a contract because of the misapplication or misuse of a particular word. Where the language employed is uncertain in its meaning, it is proper to consider the nature of the instrument, the situation of the parties executing it and the objects which they had in view. Davis v. Hardin, 80 Ky., 672; Tanner v. Ellis, 127 S. W., 995. Here the grantors were conveying a certain tract of land. They desired to retain certain rights in the timber. To express these rights, they made use of the language referred to. It being evident that something was intended by the language employed, it should be given a meaning that will carry out such intent. Furthermore, the subsequent acts of the parties, showing the construction they have put upon the agreement, may be looked to and are entitled to great weight in determining what the parties intended. Jacoby v. Nichols, 62 S. W., 734; 23 Ky. Law Rep., 205; District of Columbia v. Gallaher, 124 U. S., 505; 31 L. Ed., 526. Though plaintiff, W. C. Wilson, claims to have objected to the defendants' using the timber, it is manifest that if he made any protest at all it was within a comparatively short time before the bringing of this action, for he himself admits that on numerous occasions he was not only present when the defendants cut and removed timber from the land, but actually assisted them in such work and received from them compensation therefor. Considering the language in the light of the circumstances of the parties and of their subsequent conduct, we think it clear that the defendants intended to and did reserve a certain interest in the timber, with the right to go upon the land for the purpose of removing it. But plaintiffs contend that defendants are entitled either to all of the timber or to none of it, and that the judgment is, therefore, erroneous, because it divides the timber equally between the plaintiffs and defendants. In view of the fact that defendants' right to the timber is not limited in the deed, we think they are entitled to at least one-half thereof, and plaintiffs cannot complain because, under the judgment of the court, the defendants were given less than they were entitled to.

Judgment affirmed.