# Sermersheim et al. v. Ackerman et al.

Nov. 8, 1940.

Gilbert Burnett, Judge.

Guy T. Ellis, Jr., for appellants.

A. M. Marret for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

In the year 1915 divorce proceedings between John A. Ackerman and his wife, Theresa Ackerman, were instituted in the Jefferson Circuit Court. While this action was pending, and in the year 1916, Ackerman, through an intermediary, conveyed to his wife, for life, a house and lot in Louisville with remainder to "the children of John A. Ackerman and Theresa Ackerman." A divorce was rendered in the action several years later. At the time of the execution of the deed, Mr. and Mrs. Ackerman had six children, two of whom died in infancy, unmarried and without issue. The other four children are now living and each of them is over the age of 21 years. Mrs. Ackerman re-married and subsequently died, leaving no other children. Mr. Ackerman re-married and is now living but has no children by the second marriage. The four children of Mr. and Mrs. Ackerman contracted to sell the house and lot to the appellants who, being apprehensive that children who might hereafter be born to John A. Ackerman would take an interest in the property, refused to comply with the contract of purchase. This action was thereupon filed by the appellees, the children of John A. Ackerman and Theresa Ackerman, together with their respective spouses, against the appellants for a declaration of rights. The

trial court adjudged that the appellees were the owners of the property in fee simple and as such had power to convey it and vest the appellants with good title thereto. This appeal is prosecuted from that judgment.

It is the contention of appellants that any children who might hereafter be born to John A. Ackerman would take an interest in the property as remaindermen, since the language of the deed limiting the remainder interest in the property after the death of Mrs. Ackerman did not specify that the remainder was limited to the children of Theresa Ackerman by John A. Ackerman or to children of the marriage between these parties. We are cited to the case of Pettit et al. v. Norman, 119 Ky. 777, 82 S. W. 622, as sustaining this contention. It was there held that under a conveyance to grantor's wife for life with remainder to her children, the children of the wife after a second marriage following a divorce from the grantor were entitled to share in the property, but we do not consider that case as controlling in view of the language of the deed before us. If the deed had merely limited the remainder to the children of Theresa Ackerman, any children born to her by a subsequent marriage would, under the authority of the cited case, take an interest as remaindermen but here the remainder was limited to "the children of John A. Ackerman and Theresa Ackerman" and, in view of the circumstances and conditions surrounding the execution of this deed, we have no doubt that the quoted language meant the children of the marriage between John A. Ackerman and Theresa Ackerman. Where language employed is uncertain in its meaning, it is proper to consider the nature of the instrument, the situation of the parties executing it and the objects which they had in view. Wilson et al. v. Marsee et al., 166 Ky. 487, 179 S. W. 410. When we consider the situation of Mr. and Mrs. Ackerman at the time of the execution of the deed, we have no doubt that the object they had in view was to vest the remainder interest in the property in the children born to their union. The chancellor correctly so decided.

Judgment affirmed.