# Trivette et al. v. Consolidation Coal Co.

Feb. 4, 1944.

530

Andrew E. Auxier, W. W. Burchett and A. F. Childers for appellants.

Edward C. O'Rear, Harry L. Moore and J. E. Childers for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The question presented for determination by this appeal is the right of the appellee, the owner of the minerals and mining privileges in certain lands, to construct on the surface an electric transmission line in opposition to the wishes of the surface owners, the appellants. It has heretofore been decided adversely to appellants by three judges of this court in ruling upon the propriety of orders of the Chancellor, in consolidated actions instituted by the respective parties, temporarily enjoining appellants from interfering with the construction of the line, and refusing to temporarily enjoin appellee from proceeding with the construction. Proof on all the material issues had been taken by the parties prior to the rulings referred to; and the testimony subsequently taken related to the character and value of the timber cut by appellee in constructing the line. The final judgment of the Circuit Court in the consolidated actions from which this appeal is prosecuted reaffirmed the preliminary orders, and, accordingly, we are presented with the same question that confronted the members of this court who refused to disturb the Chancellor's interlocutory rulings.

As we see it, that question is fundamentally one of law arising out of the construction to be given the language of the deed of August 18, 1910, by which, the minerals and mining rights were conveyed to the Kelly Coal Company, a remote predecessor of appellee in title. The provisions of that instrument are equally as broad, and, in many instances, identical with those quoted in our opinion in Case v. Elk Horn Coal Corp., 210 Ky. 700, 276 S. W. 573. Expressly conferred upon the grantee was the right "to use a part of said land and surface thereof and any and all parts thereof" in any and every manner that the grantee may deem necessary or convenient for the free exercise and enjoyment of the property, rights and privilges conveyed, and to erect, maintain, and operate upon the land all buildings, machinery, structures, and equipment necessary or convenient for such exercise and enjoyment. As in the case cited, the property conveyed included such of the standing timber

as the grantee might deem necessary or convenient for mining purposes and the exercise of the other privileges granted; and expressly reserved to the grantors was ''all the timber upon the said land except that necessary for the purpose hereinabove mentioned.'' But, because there was inserted with pen and ink preceding the habendum clause, ''all timber above 14'' in diameter is excepted and grantor reserves the right to cut and reserve all timber and clear land at any time,'' it is argued by appellants that there was thus opposed to what they concede would otherwise be a right by implication to construct a transmission line, a positive provision which nullified it, since the proof shows the impossibility of constructing a transmission line without removing timber exceeding 14'' in diameter, the fee-simple title to which was expressly reserved by the land owners. To this contention, which constitutes the major attack upon the correctness of the judgment appealed from, appellee responds, and we think justly, that under the principles enunciated in Case v. Elk Horn Coal Corporation, supra; Wells v. North East Coal Co., 255 Ky. 63, 72 S. W. (2d) 745; and Himler Coal Co. v. Kirk, 205 Ky. 666, 266 S. W. 355, the right to construct a transmission line necessary or convenient in the prosecution of its mining operations, was absolute, though not literally expressed; and that the sole intent of the inserted provision was to limit the size of the timber which might be used for mining purposes. Otherwise, all uses of the surface, no matter how essential to the operation of the mines and the removal of the minerals might be prohibited, since it might be impossible to clear any requisite surface space without removing timber over 14'' in diameter. Surely, it is the duty of the court to adopt a construction of the deed which will not defeat the obvious purpose for which it was executed.

Appellants also complain of the judgment because, as they construe it, it confers upon the appellee the right to maintain the transmission line for all future time in mining coal now owned or hereafter acquired, irrespective of its location. Authorities are cited to the effect that the owner of the minerals may not, in the absence of an agreement with the surface owner, use that surface for the cleaning, marketing, or hauling of coal not located under that surface. The testimony, however, indicated that while the line in question was

part of an electric system furnishing power for the operation of all the mining properties owned by appellee in the vicinity, it was also a necessary factor in supplying the requisite power for the operation of the cars used in removing, through subterranean passages, the coal underlying the surface in controversy. Whether or not the right to operate the transmission line will continue after all the minerals under the surface owned by appellants are removed is a question not now before us.

Appellants also insist that the judgment is too vague, in that it contains a paragraph enjoining appellants from interfering with appellee "in the exercise of its rights enumerated in the petition herein and in the deeds above referred to, in mining and removing coal and minerals, in, upon, and under the said lands above and herein described, and other rights in said petition and deeds enumerated." But this paragraph follows one in which the appellants were specifically enjoined from "preventing or hindering" appellee "in the building or maintaining" of the transmission line in question, and hence, if lacking in definiteness, does not affect the validity of the judgment as a whole.

Neither do we perceive the pertinency of the argument that the owner of the servient estate had the right to select the location of the line, provided he exercised the right in a reasonable manner with regard to the convenience and suitability of the location and to the rights and interests of the owner of the dominant estate. Conceding the wholesomeness of the principle, we find no indication that appellants were prejudiced by the location selected by appellee, or that they offered or suggested an alternate one. Practically all of the land involved was mountain land, and the evidence indicates that every effort was made by appellee to select a location for the line which would disturb the least quantity of timber.

Judgment affirmed.