### General Refractories Co. v. Swetman.

November 19, 1946.

320

Thomas D. Theobald and John M. Theobald for appellant.
Lester Hogge for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

The General Refractories Company owns the fire clay in, on and under a tract of land claimed by John W. Swetman which is referred to as the "Ike Jones land." The Company purchased the clay in 1916 and has been mining it for several years. In 1942 an old log house was torn down on the tract and a mule barn built thereon. The method used by the Company of removing the clay from the mines requires the use of mules, according to the proof. Its mining and removal rights are referred to in the following language:

"* * * all the necessary rights of way over, under and upon the aforesaid land for tram-roads, or other roads, to remove the minerals from the said lands, or for hauling other minerals he may desire to haul over same, also the right to cut down and use any standing timber measuring 10" or less for mining or tram-road purposes. The said E. S. Hitchen is also to have the right to take said minerals from the land in whatever manner he may desire is most economical or convenient."

Swetman claims to be the owner of the surface of the Ike Jones land, as well as three other tracts in that vicinity. He instituted this action to recover damages for certain alleged wrongful acts on the part of the Company, as well as to have the barn removed. The court directed the jury to find that the Company had no right to maintain the barn on Swetman's land. The Company is vigorously contending that this was error. Apparently, the trial court's action was predicated upon the case of General Refractories Co. v. James, 222 Ky. 652, 1 S. W. 2d 1059. The mining and removal rights involved in that case are almost identical with those in the case at bar. In fact the words "to take said mineral from said land in whatever manner it may decide is most economical or

convenient'' were used, while in the case before us the words ''to take said minerals from the land in whatever manner he may desire is most economical or convenient'' are used. In the James Case the Company built a house for its night watchman and a barn for its mules. It was stipulated that the buildings were located upon the only places on the land near the mines on which buildings of this character could be built. During the course of the opinion in which it was held that the buildings should be removed, it was said:

''The appellant insists that it had a right to erect the buildings in question under that portion of the deed we have italicized. However, we are of the opinion that this provision of the deed relates only to the method of mining and has nothing to do with any economical or convenient way for appellant to conduct its business aside from such method of mining.''

The opinion is concluded in these words:

''The buildings which were erected were built in order that appellant could conveniently conduct its business, but such buildings had no relation to any method of mining or removing the clay underlying this property. The clause relied upon was plainly confined to this.''

The appellee relies upon the James Case. The Company contends the opinion is wrong and also that it is distinguishable because there was a house involved and it was not shown that the mules were used in the Company's method of mining. We are urged to overrule the case in so far as the question of the right to build a mule barn is concerned.

We believe the position of the Company to be well taken because we think now that too narrow a construction was placed upon the expression ''method of mining.'' We fail to see how it can be contended seriously that the Company is not using its mules in its method of mining. Clay and other substances are hauled from the mines by the mules instead of by cars or other methods of conveyance. They constituted the power by which the mining activity is carried on. Numerous authorities could be cited to the effect that, unless the conveyance itself repels the construction, one who owns the mineral rights in a tract of land by implication of law acquires the right to

use as much of the surface as may be reasonably necessary for the beneficial and profitable operation of his mines. Jenkins v. Depoyster, 299 Ky. 500, 186 S. W. 2d 14, 36 Am. Jur., Mines and Minerals, section 177. In the case at bar the Company was given the express right to take the clay from the land in whatever manner it decided was the most convenient and economical. Those engaged in mining operations have the right to use practical facilities in carrying on their business, whether they be tipples, blacksmith shops, dynamos, transmission lines or barns for housing mules, in an operation such as the one under consideration, or other essential structures used for practical mining purposes. In the case of Trivette v. Consolidation Coal Co., 296 Ky. 529, 177 S. W. 2d 868, we held that the Company by implication had a right to erect a transmission line to its mine. In Wardell v. Watson, 93 Mo. 107, 5 S. W. 605, it was held that one doing mining operations had the right to erect a barn, stable and blacksmith shop to be used in connection therewith.

As indicated, the Company's method of mining requires the use of mules. It follows, therefore, that it should be permitted to erect a barn to house them. The barn is nothing more than a practical facility incident to the mining method employed. Therefore, we are overruling so much of the opinion in the James Case as holds to the contrary.

Judgment reversed, with directions to set it aside and for the entry of a judgment consistent with this opinion.