## Eastham et al. v. Church et al.

March 4, 1949.

Rehearing denied May 3, 1949.

Malin & Johnson, H. V. Forsyth and Gillard B. Johnson, Jr. for appellants.

E. P. Harris for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

The appeal is from a judgment that the appellees, Morton Church and wife, have a passway over property of the appellants, Charles R. Eastham and wife, on Twenty-Ninth Street in Ashland. The appellants are enjoined from obstructing the use of the passway. Before 1930 V. B. Shortridge owned a parcel of land front-

ing 35 feet on Twenty-Ninth Street and running back 196.5 feet. He had built a residence on the front and a smaller tenant house on the rear of the lot. On June 6, 1930, Shortridge conveyed the front lot extending back 142.5 feet to his wife, Georgia Shortridge. It contained the following provision (a):

"And it is further understood that the party of the first part, his heirs and assigns, are to have a sufficient passway through said lot to any lot or lots in the back or rear of said property."

After Mrs. Shortridge's death two of their three children conveyed their interests in the lot to their father, V. B. Shortridge, but their deeds make no reference to the servient passway. He devised his property to his daughter, Faye Shortridge, who owned the other one-third interest by inheritance from her mother. She conveyed the lot to appellants, Charles R. Eastham and Leah R. Eastham, on January 4, 1946.

Previously, on October 2, 1936, Shortridge conveyed three parcels of land to the Union Realty Company, one of which embraced the rear 54 feet of the original lot and small house referred to above. Two lots adjacent to and between it and what appears on the maps as Thomas Street were included in the deed. The three lots really constitute one parcel. The deed contains no mention of the right to a passway over the front lot, but that was not necessary for it was an appurtenance. KRS 381.200. This property was conveyed by the Union Realty Company to Fred and Virginia Bryan on September 14, 1943. This deed contains the following provision (b), which is the source of the controversy:

"There is excepted from this conveyance a sufficient pass-way through said lot to any lot or lots in the back or rear of said property, which said pass-way was reserved in the deed from V. B. Shortridge to Georgia Shortridge, his wife, dated the 6th day of June, 1930, and recorded in deed book 126, page 122, records of the Boyd County Court Clerk's Office."

The Bryans conveyed this rear lot to the appellees, Morton and Stella Church, on June 6, 1946. That deed contains this provision (c):

"A right of passage way is excepted and reserved

to this property in conveyance and deed from V. B. Shortridge to Georgia Shortridge, dated the 6th day of June 1930, and recorded in Deed Book No. 126 page 122 Boyd County Records. Also is mentioned in deed from the Union Reatly Co., dated the 14th day of September 1943, to the first parties herein, and recorded in deed book no. 183, page 129 Boyd County Ky. Records of Deeds.''

A second or amendatory deed was executed by the Union Realty Company to the Bryans on August 31, 1946. It recites that some claim was being made that the realty company had not conveyed the passway and further states that it was the intention of the first deed to convey the company's entire interests in the property, particularly the passway mentioned in the deed from Shortridge to his wife, of what is now the Eastham property.

It is submitted by the appellants that the reservation in the deed from Shortridge to his wife (designated as (a) above) is too ambiguous and uncertain to create an easement appurtenant. The claim is made because the reservation does not describe the beginning, the route, or the end of the passway. The servient lot (Eastham's) is only 35 feet wide, and the house sits to the side leaving room for a driveway on the west. This is paved with concrete for about one-half of the depth of the lot to serve the garage on those premises. The length of the reserved passway is given as ''through said lot'' to any lot back of it. For years the occupants and owners of that back lot, now the Church property, have driven over this way. The deed reserved ''a sufficient passway.'' The use established the width and location. Riddle v. Jones, 191 Ky. 763, 231 S.W. 503. We find no merit in this point.

The real contention turns on the interpretation or the legal effect of the ambiguous and incongruous provision in the deed of the Union Realty Company to the Bryans, designated as (b) above. The appellees, Church, maintain that it was the manifest intention to describe and convey the passway appurtenant to the property being conveyed and that the ambiguity was cleared not only by the subsequent deed of the Union Realty Company but by the continuous use and recognition of the parties ever since. The circuit court did not find it neces-

sary to determine this issue. His view was that if the provision be given the literal construction of being in fact and exception, and not an inclusion, it is void since there can be no severance of an appurtenant easement, which is an incorporeal right attached and belonging to a dominant estate. See Tiffany, Real Property, Sec. 761; 17 Am.Jur., Easements, Sec. 125. We do not pass upon the contention made here as to whether or not under that rule the easement was thereby extinguished or thereby remained as an appurtenance.

The cardinal rule of construction of a deed is to effectuate the intention of the parties, particularly of the grantor, as derived from the language of the deed as a whole. In applying this rule the court is not confined to a strict and literal interpretation of the language, and particular words or clauses will not be emphasized. The position of the parties and all the circumstances under which they acted must be borne in mind. Sherman v. Petroleum Exploration, 280 Ky. 105, 132 S.W.2d 768, 132 A.L.R. 137. And it is well settled that if an ambiguity or awkward provision in a deed is capable of two possible constructions, one of which will be more favorable to the grantee and the other to the grantor, all doubts are resolved in favor of the grantee and the deed will be so construed. Hunt v Hunt, 119 Ky. 39, 82 S.W. 998, 26 Ky.Law Rep. 973, 68 L.R.A. 180, 7 Ann. Cas. 788; Himler Coal Co. v. Kirk, 205 Ky. 666, 266 S.W. 355. This is true in regard to reservations or exceptions. Witten v. Damron, 300 Ky. 29, 187 S.W.2d 834. Fairness, justice and common understanding must enter into the interpretation of any instrument, and an apparent mistake in the use of words will not be permitted to impair what was the real intention of the parties or to defeat their obvious purpose. Trivette v. Consolidation Coal Co., 296 Ky. 529, 177 S.W.2d 868.

We examine the present deed in the light of these general rules of construction.

The controversial provision is a part of the description of one of the three parcels conveyed. It is apparent that the descriptions were taken from previous deeds. The provision is blocked off in single-spaced typing, exactly as is the preceding description of the lot. It was undoubtedly copied in part from the deed from

Shortridge to his wife in which the passway was created as an exception or reservation. It uses the same words, namely, "a sufficient passway through said lot to any lot or lots in the back or rear of said property." Standing alone and literally this would give a passway over the 54 x 70 foot lot to the other two lots lying between it and what is designated on paper as Thomas Avenue to the Eastham property and stop at its edge. The reference to the Shortridge deed, however, shows that was not intended. The use of the words "excepted from" instead of "included in" was undoubtedly a mistake of the scrivener and was overlooked at the time. Later, when the mistake was discovered, the grantor corrected it by another explicit deed. Meanwhile, the Bryans had conveyed the property with the easement specifically included, (c) above. The dwelling house was on this particular lot, and the easement over the lot between it and Twenty-Ninth Street was and is the only practical way of ingress and egress. It is absurd to say that it was the intention of the parties to except that from the conveyance and thus fence in the property. It is inconceivable that there was any intention of these parties that the realty company should reserve the passway to itself or that the easement should be extinguished. Moreover, the habendum paragraph of the deed specifically includes "the appurtenances thereunder belonging." This sheds much light on the ambiguous and incongruous provision concerning appurtenances. It may be reconciled by the common sense construction of the deed as a whole. The contemporaneous construction of the deed and the recognition of the passway since its date, September 14, 1943, by all of the parties until the appellants raised the question adds weight to the appellees' side of the case. Wilson v. Marsee, 166 Ky. 487, 179 S.W. 410.

We think the judgment of the chancellor is right and proper. It is, therefore, affirmed.