## EASLEY et al. v. MELTON et al.

Court of Appeals of Kentucky.

Dec. 4, 1953.

Bullitt, Dawson & Tarrant, R. Lee Blackwell, Louisville, Sam T. Jarvis, Greenville, for appellant.

King & Craig, Henderson, for appellee.

McDonald & McDonald, Lexington, amici curiæ.

MILLIKEN, Justice.

This is an action in equity under the declaratory judgment act by the plaintiffs-appellees for a declaration of rights as to the ownership of the oil and gas underneath 40 acres of land located in Webster County, Kentucky. The sole question presented on this appeal is whether a deed of "the coal and mining rights" in real estate should be construed to include the oil and gas rights therein.

On October 17, 1902, appellees' predecessors in title executed a deed in favor of appellants' predecessors in title. The deed described three tracts of land, one of which contained 40 acres, the subject of this controversy. The deed contained the following pertinent language:

> "Said parties of the first part do hereby grant, bargain, sell and convey unto the Sebree Coal Company, the coal and mining rights in and to the following described three tracts * *.

> "To have and to hold the coal rights in and to the above described land unto the said Sebree Coal Company and its assigns forever."

Oil has recently been discovered upon the land involved, and the appellees, the plaintiffs below, whose predecessors in title were the grantors in the 1902 deed, asked the court to declare they were the owners of the oil and gas because, as they maintain, the deed did not convey those substances in title. The parties stipulated that an actual controversy existed as to the ownership of the oil and gas. The trial court decided, as a matter of law, that the deed did not convey the oil and gas, but that the conveyance was limited to the coal and the incidental rights of its removal, and this appeal followed.

Whether the oil and gas rights are included is a question of construction to be determined by the modern test of ascertaining the intent of the parties from the instrument as a whole, rather than that, as laid down by Lord Coke, the granting clause may not be cut down by the habendum, but the habendum may enlarge the granting clause. American Law of Property, Section 10.6. This modern view, the intention to be gathered from the whole in-

strument, is the standard rule of construction now applied to deeds in this jurisdiction. Sherman v. Petroleum Exploration, 280 Ky. 105, 132 S.W.2d 768, 132 A.L.R. 137; Howard v. Gross, 287 Ky. 415, 153 S.W.2d 989; Hays v. Kentucky-West Virginia Gas Co., 290 Ky. 174, 160 S.W.2d 376; Eastham v. Church, 310 Ky. 93, 219 S.W.2d 406; Monroe v. Rucker, 310 Ky. 229, 220 S.W.2d 391.

The appellants contend that the words "mining rights" are equivalent in law to the words "mineral rights", while the appellees insist the words "mining rights" as used in this deed merely mean the right to dig through the surface and mine or bring out the coal.

In 1948 this court remarked that it was conceded by the parties in the case of Clements v. Morgan, 307 Ky. 496, 211 S.W.2d 164, 166, that the words "all the coal and mining rights and privileges" when used in a deed conveyed only the coal rights. On the other hand, in 1950 the United States Court of Appeals of the Sixth Circuit, in Arnett v. Delta Drilling Co., 186 F.2d 481, 483, stated, in effect, that the words "coal and mining rights", when used in a Kentucky deed, included oil and gas, saying: "It is now clearly settled in Kentucky that the term 'mining rights' means minerals, and includes oil and gas." When lifted out of context, quotations often create more confusion than they do conviction. But, in deciding the case at bar, no critical analysis of the opinions in these cases is required, nor do we find it necessary to analyze the many cases cited to the effect that mining rights include minerals.

It is our opinion that the intention of the grantors in the present deed may be gathered from the instrument. When the grantors conveyed "the coal and mining rights" in the granting clause and declared in the habendum clause that the grantees were "to have and to hold the coal rights" alone, we think that a conveyance of only the coal rights was intended. If a conveyance of the rights to mine all minerals had been intended, the grantors would not have limited the habendum clause to coal

rights alone. As a consequence, the words "and mining rights" in this particular deed must be confined to mean whatever "mining rights" are necessary to extract the coal from the tract.

The judgment is affirmed.