Darren HUDMAN; Carolyn M. Hudman; and Anderson County Board of Zoning Adjustments, Appellants/Cross–Appellees,

v.

James I. TERRY, Sr. and Vickie L. Terry, Appellees/Cross–Appellants.

Nos. 2009–CA–001510–MR, 2009–CA–001523–MR.

Court of Appeals of Kentucky.

June 24, 2011.

Rehearing Denied Jan. 10, 2012.

Discretionary Review Denied by Supreme Court Sept. 12, 2012.

S. Marie Hellard, Lawrenceburg, KY, John S. Harrison, Frankfort, KY, for appellants and cross-appellees.

David P. Nutgrass, Lawrenceburg, KY, for appellees and cross-appellants.

Before ACREE and NICKELL, Judges; SHAKE,[1] Senior Judge.

## OPINION

ACREE, Judge:

Darren and Carolyn Hudman and the Anderson County Board of Zoning Adjustments appeal the July 29, 2009 order of the Anderson Circuit Court reversing the Board's decision to grant the Hudmans a conditional use permit. James and Vickie

Terry cross-appeal the circuit court's ruling that the Hudman property at issue constitutes a single plot instead of two. We affirm.

The Hudmans own a farm in Anderson County in an area zoned A–1, agricultural. They applied for a conditional use permit in 2008, seeking permission to construct a building separate from their home, out of which they would operate a small machine and welding shop. Originally, the Hudmans' home and the land for the proposed outbuilding were on two contiguous but distinct tracts of land. By a series of transfers, however, they attempted to consolidate the two parcels to create a single tract. Presumably, they did this because, in order for their proposed building to qualify as an accessory building, it must be "located on the same lot as the principal building[.]" City of Lawrenceburg and Anderson County, Ky., Zoning Ordinance 210(21)(a)(2005).[2]

The Anderson County Board of Zoning Adjustments granted the Hudmans' request, finding operation of the machine and welding shop qualified as an agricultural home occupation permitted by local ordinances. More specifically, the Board determined the welding business constituted an accessory use of the property because the building in which the business would be conducted would also be used to store household goods and farm equipment, uses accessory to the primary residential and agricultural uses of the property. The Board made no finding that the machine and welding function itself was an accessory use to either the personal residence or the farming operations.[3]

---

1. Senior Judge Ann O'Malley Shake sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statute 21.580.

2. The exact date this or any ordinance was passed is not readily apparent from the record, and the parties have not identified any such date.

3. The Board also found the proposed building met other requirements for granting the con-

James and Vickie Terry are the Hudmans' neighbors. They appealed the Board's decision to the circuit court. They contended the welding operation to be conducted in the building was not an accessory use of the property and further argued that the home and the barn were on two separate tracts.

The circuit court agreed in part with the Terrys and reversed the Board's order. The decision was based upon the conclusion that the mere fact that the proposed building would have an accessory use (*i.e.,* storage of farm and household goods), did not mean it could be used for the operation of a machine and welding shop. However, the circuit court was not persuaded, as the Terrys argued, that the Hudmans' home and the proposed building site were situated on two separate tracts of land.

This appeal and cross-appeal followed. The Hudmans now argue the circuit court erroneously concluded the Board's ruling was not based on substantial evidence; they further state the ruling *sub judice* was the result of erroneous interpretation and application of Anderson County's ordinances. The Terrys reply that the circuit court's decision was, in fact, proper. On cross-appeal, the Terrys claim it was erroneous for the circuit court to find the Hudmans' home and outbuilding were on a single tract of land. We affirm the circuit court on all grounds.

### Standard of review

■■■■ Courts review administrative action for arbitrariness. This means a zoning board's decision should be reversed when the agency has acted beyond its statutory authority, failed to provide due process to the parties, or made factual findings not supported by the evidence. *American Beauty Homes v. Louisville and Jefferson County Planning and Zoning Commission,* 379 S.W.2d 450, 456 (Ky. 1964). More generally,

> [a] reviewing court must give great deference to the conclusions of the factfinder on factual questions if supported by substantial evidence and the opposite result is not compelled. When considering questions of law, or mixed questions of law and fact, the reviewing court has greater latitude to determine whether the findings below were sustained by evidence of probative value.

*Uninsured Employers' Fund v. Garland,* 805 S.W.2d 116, 117 (Ky.1991). With this standard in mind, we undertake our review.

### Agricultural home occupation

■■■■ The Hudmans disagree with the circuit court's determination that the Board's decision, a ruling that the proposed outbuilding was acceptable as an agricultural home occupation because of the other uses of the building, was not based upon substantial evidence or correct application of the ordinance.[4] We agree with the circuit court.

Proper analysis requires consideration of three different provisions within the ordinance, and their interplay.

Under the applicable zoning ordinance, an agricultural home *occupation* is a permitted conditional use of property, and is defined as

> 63. ... any occupation conducted in an accessory building in any agricultural zone, provided that:

ditional use permit (*e.g.,* it would not emit inappropriate levels of noise, increase traffic, etc.). Those findings are not at issue on appeal.

4. The Hudmans actually present this as two separate arguments, but we agree with the Terrys that these arguments address a single issue.

a. No more than three (3) persons other than members of the family residing on the premises shall be engaged in such occupation;

b. There shall be no change in the outside appearance of the building or premises, or other visible evidence of the conduct of such home occupation other than one non-illuminated sign, not exceeding eight (8) square feet in area, and not placed in such a manner as to create a traffic visibility problem or obstruction[.]

City of Lawrenceburg and Anderson County Zoning Ordinance 210(63)(2005). An *accessory building* is "[a] subordinate building detached from, but located on the same lot as the principal building, the use of which is incidental to and accessory to that of the main building or use." City of Lawrenceburg and Anderson County Zoning Ordinance 210(21)(a) (2005). Likewise, an *accessory use or structure* is "[a]ny use or structure on the same lot with, and of a nature customarily incidental to or subordinate to, the principal use or structure." *Id.*, 210(1).

Taken together, these provisions require that the use of any accessory building constructed and to be used on land zoned for agricultural use must be closely related to the agricultural use of the land or use of the home. This is consistent with common understandings of accessory use. "To determine whether a use of land is permitted as an accessory use, it is not enough to determine whether that use is incidental to the main use; the use must be habitually, commonly, and by long practice established as a reasonable use." 83 Am.Jur.2d Zoning § 168, Practice Guide (2011).

The facts before the Board and at issue now are largely uncontested: the Hudmans desired to erect an outbuilding to store household items and farm equipment *and* to house a machine and welding shop.

Finding the circuit court's handling of this matter was correct, we quote a portion of its opinion and adopt it as our own.

> The use of the proposed building for storage of [farm equipment and household goods] is an appropriate use of the building which is "incidental and accessory to" the use of the principal building as a residence. The operation of a machine and welding shop is completely distinct from the use of the building as storage for farm equipment and has no relation or relevance to its use for storage. The fact that a portion of the proposed accessory building will be used in a manner "incidental to and accessory to" the use of the principal building does not allow the remainder of the proposed accessory building to be used for any and all occupations imaginable which have no relation or relevance to the use of the principal building.

This conclusion was not arbitrary because it was based upon correct application of the facts to the zoning ordinances. Therefore we find no merit in the Hudmans' argument and, on their appeal, we affirm.

### Number of lots

■ The Terrys contend on cross-appeal that the circuit court erred in finding the Hudmans' home and outbuilding are situated on the same tract of land. They have cited no authority to support this proposition.

The face of the deed evinces the parties' intent to consolidate the two tracts and create a single plot of land. We find this intent controlling and the circuit court's ruling proper. *Trivette v. Consolidation Coal Co.*, 296 Ky. 529, 177 S.W.2d 868, 870 (1944) ("Surely, it is the duty of the court to adopt a construction of the deed which will not defeat the obvious purpose for which it was executed.").

Therefore, as to the Terrys' cross-appeal, we also affirm the circuit court decision.

### Conclusions

The circuit court's determination that the Hudmans' proposed use of the outbuilding as a machine and welding shop did not constitute an agricultural home occupation was based upon correct application of the zoning ordinances to the uncontested facts. The circuit court also properly rejected the Terrys' contention that the Hudmans' property constituted two separate tracts. Accordingly, we affirm.

ALL CONCUR.