## Meeks v. Robards.

(Decided January 30, 1914.)

### Appeal from Boyle Circuit Court.

1. Deeds—Intention of Parties Will Be Enforced.—A deed is to be read as a whole and the intention of the parties apparent on the whole instrument will be enforced without regard to the clause in which the words are put.

2. Deeds—Conveyance by Trustee.—A trustee having no interest in the property when he makes a conveyance of it, will be held to have conveyed as trustee when the deed could have had no other operation.

3. Deeds—Married Woman as Trustee—Not Necessary That Husband Should Join in Conveyance.—A married woman being trustee, it is not necessary that her husband should join her in conveyance of the trust property.

4. Trustees—Purchaser From—Secret Equities.—A purchaser from the trustee will not be affected by secret equities not shown by the record.

CHARLES C. FOX, OTIS W. MATHER for appellant.

W. S. LAWWILL, C. C. BAGBY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

On January 2, 1894, D. B. Good and wife executed the following deed:

"This instrument made and entered into this the 2nd day of January, 1894, by and between D. B. Good and Margaret Good his wife, of Danville, Boyle County, Kentucky, parties of the first part, and Ellen Meeks and Stephen Meeks, of the same town, county and State,

parties of the second part, and Mrs. Fannie Moore, party of the third part,

"Witnesseth: That the parties of the first part for and in consideration of the sum of six hundred and seventy-five dollars cash in hand paid, the receipt of which is hereby acknowledged, have bargained and sold and do by these presents, bargain, sell, alien and convey to the parties of the second part the following described real estate in Danville, Boyle County, Kentucky, the same to be held by Mrs. Fannie Moore in trust for the sole use and benefit of the parties of the second part, said Fannie Moore not being required to give bond as trustee, and having the right and power to sell and dispose of said hereinafter described property whenever she shall think it will be to the best interest of the said parties of the second part; said property is described and bounded as follows: (Here follows description)

"To have and to hold said property, together with the rights, privileges and appurtenances thereunto belonging, unto the parties of the second part, their heirs and assigns forever, under a covenant of general warranty of title.

(Signed)    "D. B. Good,"
            "Margaret A. Good."

On October 5, 1898, Fannie Moore and her daughter, Ellen Meeks, sold the land to Nannie E. Findley, and executed to her the following deed:

"This deed of conveyance made this October 5th, 1898, by and between Fannie Moore and her daughter, Ellen Meeks, and Stephen Meeks a son, of the first part, do bargain, sell and convey their entire interest to Nannie E. Finley of the second part, of Boyle County, Kentucky, for and in consideration of two hundred dollars ($200.00) cash in hand paid, the receipt of which we hereby acknowledge, the said parties of the first part, Fannie Moore and her daughter, Ellen Meeks, and son, Stephen Meeks, have this day sold a certain house and lot in Danville, Kentucky, known as the Marvin property, situated on the west side of Third street, and bounded as follows: (Here follows description)

"This house and lot is described in Deed Book 25, page 343, and deed to Fannie Moore and her children, Ellen Meeks and Stephen Meeks, by D. B. Good and his wife, Margaret A. Good.

"We, the parties of the first part, do grant, sell and convey our entire interest in the said house and lot to the party of the second part, and agree to forever warrant and defend the same.

"In testimony whereof witness our hands on the day and year above written."

On August 24, 1912, Stephen Meeks brought this suit against Jeff Robards, the vendee of Nannie E. Finley, to recover an undivided one-half interest in the land, alleging that he was born on February 20, 1891, and attained his majority on February 20, 1912. The circuit court dismissed his petition, and he appeals.

1. What is the effect of the deed executed by Good and wife on January 21, 1894? The rule is that in the construction of deeds the whole instrument must be looked to and effect given to the intention of the parties as shown therein, if not repugnant to any rule of law; that the intent is the essense of the instrument, not the words, or the order in which the clauses are arranged; and when the intent is apparent, this will control without regard to the clause in which the words are put; that all rules of construction are intended to effectuate the intention of the parties and will not be allowed to defeat their lawful intention when apparent on the face of the instrument. (Hall v. Wright, 87 S. W., 1129; Crews v. Glasscock, 107 S. W., 237; Bowe v. Richmond, 109 S. W., 389; Kelly v. Parsons, 127 S. W., 792; Virginia, Etc., Co. v. Dye, 146 Ky., 519; Centers v. Big Sandy Co., 149 Ky., 11, and cases cited.)

When we aply this rule to the deed in question and take into consideration the whole instrument, it is not material that Mrs. Moore is designated the party of the third part, and that in the granting clause, the land is conveyed to the parties of the second part; for in the same clause it is provided that the land is to be held by Mrs. Moore in trust for them, and that she shall have power to sell and dispose of it whenever she shall think it will be to their best interest. Her son, Stephen, was then only about three years old, and the purpose was to give his mother the power to sell the property as he could not make a sale during his minority. The grantor in disposing of the property had the right to so provide. The intention of the parties on the whole instrument being apparent and not inconsistent with any rule of law, the

circuit court properly held that Mrs. Moore as trustee had power under the deed to sell and convey the land.

2. Is the deed executed by Mrs. Moore and her daughter effective? The daughter was without power to sell her brother's half of the land. Her signing the deed only operated to confirm her mother's conveyance as to her interest. So the question is, is the deed executed by Mrs. Moore sufficient to convey the interest of the son? It is objected that she does not make it as trustee, and while the word trustee is nowhere used in the deed, the deed refers to the previous deed. The conveyance is with general warranty, and while formal words showing that Mrs. Moore made the deed as trustee are not used, this is the necessary effect of the instrument as to her, unless it is void; for she conveys the "entire interest" in the property, and she had no interest in the property. She held only as trustee. She was selling and conveying the property with general warranty as she was authorized to do by the former deed to which she referred.

As Mrs. Moore had no interest in the property personally, there was no reason for her joining in the deed unless she joined in it as trustee. In Tiedeman on Real Property, section 569, it is said:

"The courts have of late years so far relaxed the rule as to construe the instrument to be, by necessary intendment, a good execution of the power, if it cannot operate in any other way, notwithstanding the deed or will purports to dispose only of individual property of the donee."

The rule is thus expressed by another authority:

"When a person conveys land for a valuable consideration he must be held as engaging with the grantee to make the deed as effectual as he has power to make it." (Hall v. Preble, 68 Me., 100.)

(See also Terry v. Rodahan, 11 Am. St. Rep., 420; McCreary v. Bomberger, 31 Am. St. Rep., 670; Gulf Red Cedar Lumber Co. v. O'Neal, 90 Am. St. Rp., 22, and notes.)

We, therefore, conclude that taking the instrument as a whole it is a sufficient execution of the power by Mrs. Moore.

It is also insisted that Mrs. Moore being a married woman at that time, the deed is void because her hus-

band did not join in it; but it is only necessary that the husband should join in a deed by the wife when she conveys her property. When she acts as trustee and conveys as trustee, it is unnecessary that her husband should join in the deed. It is not necessary that the fee should be vested in the trustee where there is vested in the trustee expressly the power to sell and convey.

Lastly it is insisted that as it is alleged by the plaintiff that the property was paid for with the means of himself and his sister, the trustee had no interest in it and was without power to convey his title to the property. But a purchaser from the trustee who upon the face of the record had power to convey the property, cannot be affected by secret equities, if this fact gave the plaintiff any additional equity, a question not necessary to be determined.

Judgment affirmed.