## Sargent v. Trustees of Christian Church of Little Cypress.

### (Decided Dec. 15, 1933.)

C. B. COX and H. B. HOLLAND for appellant.
E L. COOPER for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Affirming.

On May 10, 1909, E. N. Sargent and wife executed the following deed for a lot 75x95 feet in Little Cypress, Ky.:

"Be it know that, E. M. Sargent of Little Cypress, Marshall County Kentucky, and wife Amelia Sargent of Little Cypress, Marshall County Kentucky, for an in consideration of $2.00 [Two Dollars] one dollar in hand paid by the Masonic Lodge No. 810, which receipt is hereby acknowledged, and One Dollar in hand paid by the Christian Chapel Church, of Little Cypress, Marshall County, Kentucky, which receipt is hereby acknowledged, it being agreed by the party of the first part and the party of the second part that when either of them ceases as an order or Christian Church, that his property or their part of it shall go to E.

M. Sargent, or his heirs, or when both cease this property shall go to E. M. Sargent or his heirs, has sold and hereby conveys unto the Cypress Masonic Lodge No. 810, and the Christian Church of Little Cypress, Marshall County, Ky. the following described land lying in Marshall County, Ky. viz; (Here follows description).

"To have and to hold the said property unto the said The Little Cypress Masonic Lodge No. 810, and the Christian Church, their heirs and assigns forever with 'Covenant of General Warranty.'"

The masonic lodge and the members of the congregation wanting a church at Little Cypress raised the money and put up a two-story building. The masonic lodge occupied the upper story and the church the lower story for services. Thus things went on for many years very quietly. After many years, the masonic lodge moved out leaving the upper story of the building vacant and Sargent then took possession of it. The members of the church continued to have their services as before until the winter of 1929, after which time they ceased to have any services in the church and in the spring of 1931 Sargent took possession of the building and closed it up. Thereupon the trustees of the church brought this suit against him to enjoin him from molesting them in the possession of the church.

The reason why no services had been held for some months in the church was that there had been sickness in some of the families that took a leading part and the minister they were trying to get could not come to them at that time. About the time that Sargent acted, they had made arrangements for the minister to come and go on with the services again. It is very clear from the proof as a whole that the congregation had not abandoned the church, but that the trouble was in some measure due to hard times, which has troubled all churches during the last two or three years, especially in the country. The circuit court entered judgment in favor of the trustees, and Sargent appeals.

It is earnestly insisted for him that when the deed was made the church congregation belonged to what was known in the neighborhood as the Christian Church and that it no longer affiliates with this denomination but with that known locally as "The Church of Christ."

As the proof shows, the only difference between these two branches of the church is that the first maintains an organ in the church or instruments of music and the second does not have an organ or any instrument of music in the church. Both are strictly congregational. Each congregation manages its own affairs so far as the proof goes. There is no other substantial difference between them. But we do not rest our judgment here. The deed was made to the "Christian Chapel Church of Little Cypress." That congregation built the church and used it for more than twenty years without any complaint by Sargent or anybody else. The same congregation is represented by the trustees bringing this action. They are in truth the Christian Chapel Church of Little Cypress. This has always been its name and the congregation has not changed nor changed in any official way its connection with any other body. It is strictly a congregational church. Though some of the original members have died and some have moved away and others have come in, it is still the Christian Chapel Church of Little Cypress, no less than it was twenty years ago. It is a familiar rule that a deed must be construed most strongly against the grantor and most favorably to the grantee. Lovill v. Hatfield, 207 Ky. 142, 268 S. W. 807. It is also well settled that the court will adopt that construction of a deed which the parties themselves placed upon it. Wilson v. Marsee, 166 Ky. 487, 179 S. W. 410. A restriction or reservation in a deed cannot be extended beyond its terms and must be construed more favorably to the grantee than to the grantor. Higdon v. Nichols, 204 Ky. 56, 263 S. W. 665.

Under these rules it cannot be held that the Christian Chapel Church of Little Cypress has lost any of its rights under the deed and the circuit court properly so held.

Judgment affirmed.