# Suppinger v. Caplinger et al.

Jan. 27, 1942.

Marion Rider for appellant.

Allen Prewitt and Louis Cox for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The appellee, Owen Caplinger, has sought to enforce a contract of the appellant, E. K. Suppinger, to buy two certain lots in the Crestwood Subdivision of Frankfort. Other appellees are the trustees for Mrs. Mary Hoge Hazelrigg, under the will of her father, Charles E. Hoge, deceased, Mrs. Hazelrigg, personally, and her husband, D. L. Hazelrigg. The construction of a deed in Caplinger's chain of title is particularly involved. The chancellor held his title to be good and decreed specific performance of the contract.

When he died in April, 1919, Charles E. Hoge had title to an undivided one-half interest in a tract of land of which the lots involved are a part. His son, Percy E. Hoge, had title to the other half. Charles E. Hoge devised his estate equally among his five children, namely, S. French Hoge, Mrs. Evelyn Ireys, Mrs. Mildred Conway, Percy E. Hoge and Mrs. Mary Hazelrigg, subject to each being charged with advancements. The bequests were absolute except that to Mrs. Hazelrigg. She was given only one-fourth of her share outright. Three-fourths was placed in trust for her life, with the remainder to any child or children she might have, and, if none, then to testator's other children and to the child of any who might predecease Mrs. Hazelrigg. Her brother, S. French Hoge, was appointed trustee by the will and qualified as such. He was expressly given "full power and authority as such trustee to purchase, sell and convey any real estate or other property as he may think best."

About six months after the death of their father, the four other devisees, with their respective husbands and the wife of S. French Hoge, executed a deed to the undivided half interest in the tract to which their father had title, to their brother, Percy E. Hoge, thereby placing the entire title in him. The appellee, Caplinger, through mesne conveyances, acquired that title in so far as the two lots involved are concerned. The deed recites that the consideration and reason for its execution were that when the grantors' father, Charles E. Hoge, purchased an undivided one-half interest in the tract in 1905 (it appearing that he already owned the other half interest) he had caused it to be conveyed as a gift to his son, Percy E. Hoge, and that "over four years ago the said Charles E. Hoge made a gift to the second party of the remaining undivided half interest in said land and delivered possession to him of all the said lands, but failed to make a deed for the said interest." It was further recited that it was the father's desire that the children should convey that interest to their brother and that the deed was made in order to carry out his wish. After describing the land, it was recited in the deed that its object and purpose was to convey "all the interest of every description to which the first parties are entitled."

The deed was duly executed by Mrs. Hazelrigg and S. French Hoge, but it does not expressly refer to the

trust estate. The question is whether or not it conveyed that undivided three-fourths interest in the land. Mr. Hoge died several years afterward.

Obviously, it is better and safer where a grantor acts in a trust relation that it should expressly appear in the conveyance that it is made by him in that representative capacity. 26 C. J. S., Deeds, Section 98. But in the execution of such a power, it is not absolutely necessary that it should expressly appear upon the face of the instrument. It is deemed sufficient if the intention was to execute the power or convey as a trustee, which intention may be gathered from the entire instrument and all other circumstances. Henriott v. Cood, 153 Ky. 418, 155 S. W. 761; Meeks v. Robards, 157 Ky. 199, 162 S. W. 818, 819; 65 C. J. 766; 26 C. J. S., Deeds, Section 98; Perry on Trusts, 7th Edition, Section 511c. Additional aids in interpreting a conveyance which is not clear are the situation of the parties and the object they had in view; also their acquiescence over a period of years in the interpretation placed upon the conveyance by the grantee. Campbell v. Wells, 278 Ky. 209, 128 S. W. (2d) 592. This is in accord with the fundamental rule that the controlling thing is the intention of the parties to any deed or other instrument. Fordson Coal Company v. Potter's Executors, 237 Ky. 311, 35 S. W. (2d) 298; Sherman v. Petroleum Exploration, 280 Ky. 105, 132 S. W. (2d) 768, 132 A. L. R. 137.

The recitation of the purposes of the conveyance, namely, to carry out the wish of the father that the grantee have the entire title, one-half of which he had failed to convey himself, and that the grantors were conveying "all the interest of every description" which they had, together with the fact disclosed in the record that Percy E. Hoge had been charged up with its value as an advancement of his estate, so that the trust estate had received its full share represented by the three-twentieths interest in the undivided one-half interest in the tract covered by the deed, and several other circumstances were sufficient, we think, to authorize the decision of the chancellor that it was a complete conveyance; hence, that the title tendered the appellant was good and he should comply with his contract.

Wherefore the judgment is affirmed.

Whole court sitting, except Chief Justice Perry.