## Chaney v. Chaney.

May 22, 1945.

May & May for appellant.

E. J. Picklesimer for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Earl Chaney instituted this action against his aunt, Ella Chaney, to recover a one-sixth interest in a tract of land which was conveyed to her in 1934. The appeal is from a judgment in favor of the appellee.

The basis of Earl's contention can be ascertained from the following summary of the facts. Earl's mother died seized of real property in Virginia. Surviving her were her husband, J. C. Chaney, and three infant children, Fred, Earl and Thelma. J. C. Chaney sold the land in Virginia and purchased a tract in Pike County in which he took title in himself as trustee for his three infant children, and in which he owned a one-seventh interest individually. This transaction took place in 1914. Fred died in 1922, and before he reached maturity, leaving as his heirs Earl and Thelma. KRS 391.020. J. C. Chaney continued to hold the property in trust. In 1928, Earl, who had reached maturity, executed a deed to his father which made reference to a "one-third undivided interest" in the trust property in exchange for a house and lot in Elkhorn City said to be worth approximately $1,500 and for the extinguishment of a $300 debt which he owed his father. There is evidence showing that the original purchase price of the trust property was not much in excess of the consideration received by Earl in the aforementioned trade. In 1934, J. C. Chaney and Thelma conveyed the trust property to Ella Chaney for $2,850. Shortly thereafter Ella and her husband erected an eight-room house and a barn on the property at a cost said to be in excess of $3,000. Earl continued to live in Pike County and visited the home of Ella on several occasions and was well aware of the improvements placed upon the property. It was not until shortly before he instituted this action in 1942 that he ever gave any indication he was claiming an interest in the property. He bases his claim solely upon a provision in the deed which he executed to his father in 1928. This provision follows: "This conveyance is a one-third undivided interest in the land conveyed to Fred Chaney, Earl Chaney, and Thelma Chaney, and in trust by J. C. Chaney, for Fred Chaney, and Thelma Chaney, and is the same parcel of land known as lot No. 6, in the division in estate of Reuben Thacker deceased. See Pike County Records for further description." While he testified he conveyed only his one-third interest in the property to his father and not the part which he inherited from his brother, Fred, his testimony is weak as to why he had never made any claim to an additional one-sixth interest in the property until shortly before this action was instituted. When asked why he

intended to hold back the small interest in the property he was advised by his counsel not to answer the question because the deed showed he conveyed only a one-third interest. Earl's step-mother said she was present when the trade with his father was being discussed and it was the intention of the parties that Earl was conveying all of his interest in the land and not merely a one-third interest as recited in the deed.

As a general proposition, a deed must be construed most strongly against the grantor and most favorably to the grantee, and courts will adopt the construction of a deed which the parties themselves have placed upon it. Sargent v. Trustees of Christian Church of Little Cypress, 252 Ky. 57, 66 S. W. 2d 5. When question is raised as to the intention of the parties to a deed the instrument must be looked to as a whole, along with the circumstances surrounding its execution, and courts may also consider the acts of the parties following the conveyance. As said in Suppinger v. Caplinger, 289 Ky. 294, 158 S. W. 2d 613, the controlling factor is the intention of the parties in any deed or instrument.

When the deed under consideration is viewed in the light of the foregoing principles, we think it is clear that the chancellor reached a proper construction of the instrument. For 14 years Earl made no claim to any interest in the property. The consideration which he received for his interest therein exceeded by a substantial sum the original value of a one-third interest in the tract. When he made the trade with his father in 1928 the property was run down and the buildings in bad repair. His stepmother testified positively that when the trade was made in 1928 it was intended that Earl was to convey all of his interest to his father, and in turn the father and his sister clearly intended to and did convey all of the title to the appellee in 1934. Earl stood by and raised no question relative to that transaction. He saw the appellee place substantial improvements on the property, and, as said heretofore, at no time did he make any claim to an interest in the property until shortly before this action was filed. Under the circumstances we think he is now in no position to set up a meritorious claim to an interest in the property.

Judgment affirmed.