## Goins et al. v. Beech Bottom Baptist Church et al.

June 16, 1950.

J. B. Johnson, Judge.

288

W. B. Early and Victor A. Jordan for appellants.

Glenn H. Stephens and T. E. Mahan for appellees.

STANLEY, COMMISSIONER—Affirming.

On October 13, 1906, Eli Goins conveyed 214.13 acres in Whitley County to the Louisville Property Company. In order to perpetuate a prior established family burying ground, the deed contained the following exception:

"There is a graveyard upon this tract of land being seventy yards by thirty five yards and now under a barbed wire fence, the grantors herein reserve this one-half acre as now fenced for themselves and kinfolks for the sole and only purpose of making same a family burying ground."

In November of 1906, Eli Goins and wife conveyed an undivided one-half interest in the burial ground to William Goins, his brother. Goins heirs, the appellants herein, now hold title. The area has been used by members of the family and neighbors for its designated purpose without interference.

A portion of the land conveyed to the Louisville Property Company has been transferred by a chain of conveyances to the Beech Bottom Baptist Church, appellee herein. The appellants contend that a substantial part of the land conveyed to the church by the heirs of Dr. A. Gatliff is included in the cemetery exception. They seek a recovery of this area and an injunction restraining appellees from maintaining the church thereon.

The pleadings are extensive and the evidence voluminous. The case was resolved into locating the lines of the cemetery in relation to the church yard, particularly an east-west boundary line. The court quieted the title as claimed by the church authorities and dismissed the

petition except to adjudge that the plaintiffs and other persons having relatives buried in the graveyard have the unrestricted right of ingress and egress from the county road through the church lot, which right, it was added, had been recognized and permitted by the church.

It is to be observed that the excepted graveyard is described in three ways, namely, by distance, area and a barbed wire fence. The dimensions 70x35 yards equal 2,450 square yards, which is 30 square yards greater than a half acre. It seems the appellants claim the lines excepted as a graveyard extend to the old Harp's Creek County road and, therefore, embrace a substantial part, if not all, of the church yard. The dimensions claimed form 8/10 of an acre, a difference of 1,452 square yards from the half acre area stated in the deed. Even were it otherwise, the court may well look to the definite object of the barbed wire fence. The difference between that object and the dimensions and area defined in the deed is not too great. It is certainly more nearly an accurate and coordinate description than would be the lines claimed by the Goins heirs. The expressed intention of the original grantor in defining the exception is the area "now under a barbed wire fence." It does appear, however, that at that time the cemetery was not completely enclosed by a barbed wire fence, but there were two strands of such wire on three sides of it and perhaps a rail or board fence on the fourth side. The particular line is that on the north of the cemetery and south of the church lot. Its location determines the controversy, for it must be regarded to have been the line intended by the grantor, Eli Goins, in his deed of 1906 which carved out the exception which has been carried through subsequent conveyances. And any doubt as to the lines must be resolved against the Goins heirs. Sargent v. Trustees of Christian Church, 252 Ky. 57, 66 S. W. 2d 5; Chaney v. Chaney, 300 Ky. 382, 189 S. W. 2d 268.

It is well established in the evidence that later a woven wire fence was built, at least around the south line of the cemetery, exactly along the same lines of the old wire fence. Men who erected it testified that the new posts were put in the holes from which the rotted posts were removed. Using this as the basic line, the court, following the fence, located the other lines of the church lot in relation thereto. The judgment also locates the cemetery as being that area "confined to the pres-

ent woven wire fence and to the present metes and bounds of said enclosed tract of land," the particular metes and bounds being given. The line calls for 147 feet more or less southwardly, thence 113 feet more or less, thence 126 feet, thence 142 feet. While this is not a true rectangle as is called for in the described exception (210x105 feet), it appears to be close to the area of one-half acre, namely, 4/10 of an acre, and very certainly follows the well proved fixed object or line then described as a barbed wire fence. The estimates of area and distance must yield to the established and marked lines which have been recognized for at least 44 years by the Goins family in the burying of their dead and otherwise. The lot acquired by the church authorities upon which they erected their building two or three years ago had been used by the Gatliffs and their tenants, predecessors in title, since 1910, as a milking lot or hog lot in connection with the old Goins residence without the Goins heirs ever raising any claim to the lot. We think this was a proper finding of the location intended by the grantor in his exception and recognized by the subsequent parties. Sargent v. Trustees of Christian Church, supra, 252 Ky. 57, 66 S. W. 2d 5; Suppinger v. Caplinger, 289 Ky. 294, 158 S. W. 2d 613.

In Brunton v. Roberts, 265 Ky. 569, 97 S. W. 2d 413, 107 A. L. R. 1289, we held that as long as a cemetery lot is enclosed or continues as a place of burial, the possession is to be regarded as adverse to all claimants of the property other than the lineal descendants of those buried or those persons having the right to be buried there. It appears in the present case that there are no graves within the lines claimed by the church, though there are few relatively recent graves outside the area on the other side of the cemetery lot. This does not concern the church. Therefore, there can be no successful claim of adverse possession in this respect.

We are of opinion that the circuit court judgment is correct, and it is accordingly affirmed.