**Matilda Hackney SMITH, Appellant,**

v.

**KENTLAND COAL & COKE COMPANY, Appellee.**

Court of Appeals of Kentucky.

March 18, 1955.

Farley & Farley, L. Clyde Farley, Pikeville, for appellant.

Hobson & Scott, Peyton Hobson, Jr., Pikeville, for appellee.

CAMMACK, Justice.

In 1952, the appellant, Matilda H. Smith, brought suit in the Pike Circuit Court against the appellee, Kentland Coal & Coke Company, alleging that she has a one-tenth undivided interest in the minerals on certain property to which the Company claims full title. She prayed that the minerals be sold and that she be given one-tenth of the proceeds of the sale, or in lieu thereof that it be adjudged that the minerals be partitioned and she be given a one-tenth interest therein. The lower court entered a judgment in favor of the appellee.

The property in question was purchased by Alex Hackney, Mrs. Smith's father, from John H. and Matilda J. Fuller on February 2, 1893. The deed contained this provision:

"* * * with the coal and a right of way out for the purpose of mining and removing said coal off of said land and all poplar timber from 24 inches at the stump up and a way to ha*ll* it off."

Mrs. Smith's father died intestate and she contends that as his heir she received a one-tenth share in the minerals through intestate succession.

In 1899 Fuller sold the coal to Ralph A. Hellier. In 1902 Hellier's interest was purchased by the Big Sandy Company and in 1911 the appellee bought considerable portions of it from the Big Sandy Company. At that time the appellee was apparently not satisfied as to the validity of its title so it secured a quitclaim deed for the coal from Hackney's heirs. A photostatic copy of a deed purporting to have been signed by all the heirs was exhibited in evidence. The appellant denied signing this deed and contends that even if she did sign it in 1911, her signature would be meaningless as she was only 14 years of age at that time.

The appellee contends that the provision in the deed from Fuller to Hackney excepted the coal and poplar timber from the conveyance and that Hackney never had title to the coal. It is argued that the word "with" was really intended to be "except." If this construction is placed upon the deed, then Hackney had no interest in the coal which could pass to the appellant. We are of the opinion that this is the interpretation that should be given the deed. It is undenied by the appellant that Fuller actually did enter upon the land and remove the poplar timber without objection from Hackney on two different occasions. Further evidence that the parties so construed the deed is the fact that Fuller later sold the coal to Hellier, and in 1906 Hackney conveyed only the surface rights in the land to another party.

Where the language employed in a deed is uncertain in its meaning, it is proper to consider the nature of the instrument, the situation of the parties executing it,

and the objects they had in view. Furthermore, the subsequent acts of the parties, showing the construction they put upon the instrument, may be looked to, and are entitled to great weight in determining what the parties intended. Williams v. Williams, Ky., 259 S.W.2d 53; Sword v. Sword, Ky., 252 S.W.2d 869; Chaney v. Chaney, 300 Ky. 382, 189 S.W.2d 268.

We are of the opinion that, although ineptly drawn, the deed was intended to except to Fuller the coal and timber rights on the land in dispute. The subsequent acts of the parties warrant this conclusion. Whether the appellant signed the 1911 quitclaim deed need not be discussed.

Judgment affirmed.