Alonzo Wayne ARTHUR and Ida Arthur, Appellants,

v.

Rettie MARTIN and Hansford Martin, Appellees.

Court of Appeals of Kentucky.

Jan. 31, 1986.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court April 1, 1986.

Warren B. Little, Larry G. Bryson, London, for appellants.

Boyd Taylor, Taylor & Jensen, London, for appellees.

Before COMBS, HOWERTON and WHITE, JJ.

HOWERTON, Judge.

The Arthurs appeal from a judgment of the Laurel Circuit Court which awarded a disputed 15-acre tract of land to the Martins. The Arthurs contend that the court erred by finding that the Martins had a superior title or a right to the property by adverse possession. While we agree that some of the court's findings are erroneous, we nevertheless conclude that it reached the correct result. A correct decision will not be reversed on appeal merely because it is based on incorrect grounds or reasons. *Tresslar Co., Inc. v. Fritts*, Ky.App., 665 S.W.2d 314 (1984). We affirm the judgment.

Rettie Martin, a/k/a Loretta Karr or Loretta Martin, was the daughter of W.L. and Rachel Storm. In 1933, the Storms conveyed a 15-acre tract of land to Rettie. In 1976, Rettie conveyed this same tract to her son, Hansford Martin, while reserving a life estate for herself.

The Storms acquired their tract on October 8, 1910. It was described as follows:

> Beginning on a stone at cross fence, Henry Anders corner and running with road to a white oak on top of ridge; thence a straight line to ford of big branch; thence up branch to a service; thence with M.M. Barnett's line to a black gum; thence a line to white oak in Vanhook's line and then with Vanhook's line to his corner and one with his line to

Henry Anders corner and with Henry Anders line to beginning.

The deed was recorded in Deed Book 42, page 424, Laurel County Court Clerk's Office.

The deed from the Storms to Rettie Martin was dated October 16, 1933, and the property was described as follows:

> Beginning at a persimmon, 7 poles to white oak; thence 6 poles to Jim Trosper's corner; thence with Trosper's line to W.H. Storm corner, a white oak in Trosper's line; thence with W.H. Storm line 47 poles to a stone in his line; then a straight line to beginning, containing 15 acres more or less.

The Martin deed was recorded in Deed Book 77, page 380, Laurel County Court Clerk's Office.

The record indicates that Rettie Martin has occupied her tract of land since 1933. The tract is divided by Kentucky Highway 312. Rettie maintains a home on the west side of the road, and the tract lying on the east side of the road has been occasionally used for raising crops.

In 1973, a lawsuit was finalized to dispose of the remainder of the property once owned by W.L. Storm (now deceased). All of the Storm heirs, including Rettie Martin, then listed as Loretta Karr, were joined as parties in the litigation. The real property was sold by the master commissioner, and it was purchased by the Arthurs. The description in the deed was the same as the description in the Storm deed, but it also listed two exceptions for out conveyances which had been made in 1914 and in 1945. It did not list the conveyance to Rettie Martin in 1933.

Some three or four years after the Arthurs had purchased the Storm property, they tore down a fence separating the portion of the 15-acre tract on the east side of Kentucky 312 from the remainder of the Storm property. No objection was made at that time; however, when a persimmon

tree was later removed by Arthur, the dispute began concerning the ownership of the land. The Martins filed this action in 1981 to quiet their title. The Arthurs originally claimed the entire tract but later dropped their claim to the portion on the west side of the road where the house was located. Both parties claimed to have used the portion of the tract lying on the east side of the road.

The trial court found that the Martins had been in actual possession of the disputed area since 1933 and that their ownership and possession had never been disputed or contested until the present dispute arose. The court concluded that the Martins sustained their burden of proving ownership by either a superior title or adverse possession. The court also determined that the Arthurs failed to demonstrate that the area in dispute was included in the description contained in their deed from the master commissioner.

While it may take a "super surveyor" to determine the boundary lines on either of the described tracts, the court nevertheless concluded that the boundary claimed by the Martins was established, and in the judgment it recited the same description as contained in the deed to Rettie Martin to describe her property. Two surveyors testified that the Martin property was included in the description of the property conveyed to the Arthurs. The court clearly erred in finding otherwise, because the Martin property came from the common source of the Storm property which was ultimately conveyed to the Arthurs. We certainly have no problem in agreeing with the court, however, that Rettie Martin and her son, Hansford Martin, do have a good title to the 15-acre tract because of the 1933 deed or because of the continuous occupation of this tract since 1933.

The Arthurs claim that since Rettie Martin was a party to the commissioner's deed, she conveyed all of her right, title, and interest in the 15-acre tract, because it was not excepted from the conveyance. The deed, therefore, extinguished her title, and she had nothing then to convey to Hansford Martin in 1976. The Arthurs argue that the deed must be construed most strongly against the grantor.

■ While it is true that a deed will be construed most strongly against the grantor, *Croley v. Round Mountain Coal Co.,* Ky., 374 S.W.2d 852 (1964), the intention of the parties must be looked at to determine what interest was conveyed. In determining the intention of the parties, courts look at the whole deed, along with the circumstances surrounding its execution, and courts may also consider the acts of the parties following the conveyance. *Chaney v. Chaney,* 300 Ky. 382, 189 S.W.2d 268 (1945). *See also, Suppinger v. Caplinger,* 289 Ky. 294, 158 S.W.2d 613 (1942). Although both of the cited cases ended in a victory favoring the grantee, they both clearly indicate that the intention of the parties is a controlling factor in resolving disputes concerning what actually was conveyed.

■ In this case, Rettie Martin was listed as a grantor in the commissioner's deed, but she did not execute the deed and had absolutely nothing to do with its preparation. She was merely a party to the suit settling the estate of W.L. Storm. She certainly had no intention of conveying her 15-acre tract. This is also shown from the fact that she continued to occupy the property after the 1973 deed and that she subsequently conveyed the tract to her son, reserving a life estate for herself. The omission of her exception to the Storm property was an oversight by the court and the master commissioner. The facts as now determined should be corrected in the property records of the Laurel County Court Clerk's Office.

The litigation concerning the sale of the Storm property was to sell only what Storm owned at the time of his death. That is all that could be sold by the commissioner. The court ordered that Storm's property be sold, not Rettie Martin's. She

was merely joined as a party in the lawsuit as one of the heirs of the remainder of Storm's property. Her property was not even the subject of the lawsuit. She conveyed no interest in her own property, and the 1973 deed did nothing to take away her earlier title or stop the running of her adverse possession against any other claimant to the 15-acre tract.

We believe that the record indicates that the Arthurs had no real idea of the boundary lines of the property they were buying. The description was read to them, but the calls were not pointed out as to their location. If they had observed the area where the property was located, the Arthurs would have known that part of what they now claim was being occupied by Rettie Martin. The Arthurs have not been harmed by the decision of the trial court, and justice requires that Rettie Martin and Hansford Martin retain title to the property she has occupied for approximately 50 years.

The judgment of the Laurel Circuit Court is affirmed.

All concur.